PEASE, CHALFANT & Co. Appellants, *vs.* RUSH, PRATT & others, Respondents.

A promissory note can be transferred by mere delivery, so as to pass the title and the right to sue in the name of the holder; when a note is payable to order, and is found in the hands of a person not the payee, without his endorsement, the difference between such a holder and one who holds by an endorsement, is, that the former is not entitled to the privileges of a *bona fide* holder, while the latter is.

A note payable to order passed without endorsement, is not taken in the regular course of business, and is subject to the same disabilities as if it had been taken after due—but the title passes sufficiently to maintain a suit in the name of the owner. In whomsoever the substantial ownership and property of the note rests, there the right of action is also.

Upon the dissolution of a partnership, the property of the concern is subject, first to the partnership liabilities, then the individual debts of the members; and what is left is the property of the several members subject to distribution among them. And they cannot change or divert the property into any other channel; but no one but a creditor has any interest in such disposition, nor can any others question it; certainly not a debtor of the concern.

This was an appeal from a judgment of the District Court of Ramsey County. The issues in this Court are set forth in the opinion.

The Plaintiff filed the following points, on Appeal to the Supreme Court:

*First.* The only statutory ground of demurrer specifically assigned is, that the complaint does not state facts sufficient to constitute a cause of action.

*Second.* The demurrer cannot be sustained; for the complaint sets out all the facts necessary to constitute a good cause of action. *Stat. of Minn.*, p. 33, sec. 27; 3 *Selden*, 476; 5 *Duer*, 379; 10 *How. Pr. R.* 274; 12 *ibid*, 166; 15 *ibid*, 1; 8 *ibid*, 385; 1 *Duer*, 52; 2 *San. S. C. R.* 672; 12 *How.* 460; *Minn. R.* 362.

*Third.* A demurrer, interposed upon the ground that a complaint does not state facts sufficient to constitute a cause of action, will not be sustained unless the complaint be fatally bad. 17 *Barbour*, 260; *Chitty on Pleading*, 663; 13 *How. Rep.* 360.

*Fourth.* Where the demurrer admits facts enough to constitute a cause of action the complaint will be sustained, and if the defendant require a greater degree of certainty, he must seek his relief by a motion to make more definite. 13 *How.* 360; 16 *ib.* 308.

*Fifth.* A demurrer which specifies that the complaint does not state facts sufficient to constitute a cause of. action cannot reach an objection that there is an improper joinder°of parties. 12 *How.* 547 ; 10 *ib.* 216 ; 16 *Barb.* 65.

*Seventh.* The first objection assigned as a ground of demurrer by the Defendant below, viz : " That it does not appear from said complaint what persons, at the time of making the note set forth in said complaint, constituted the firm of Bostwick, Pease & Co., alleged to be the payees of said note," is frivolous, for—

1. The demurrer admits all the facts set out in the complaint relative to the making and delivery of the note.

2. It admits the allegation of the complaint, that the Plaintiffs are, at the time of the commencement of the action, the lawful holders and owners of the note.

3. It is not necessary to prove, in order to sustain the action, who constituted the firm of Bostwick, Pease & Co. at the time of the making of the note. It is enough to show that the Plaintiffs were, at the time of the commencement of the action, the real parties in interest—the lawful holders and owners of the note.

4. It does appear from the complaint who constituted the firm of Bostwick, Pease & Co. at the time of the making of the note. 16 *How.* 1.

*Seventh.* The second objection set out as a ground of demurrer is not well taken. It does appear from the complaint that some, if not all, of the parties named as Plaintiffs have a right of action against the Defendants. The complaint shows that four of the Plaintiffs, viz : R. M. S. Pease, Richard H. Pease, Charles Hunt, and Platt A. Paine, were the original payees of the note; and that they were, at the time of the commencement of the action, the lawful holders and owners of the note; and that the note was due and unpaid. 16 *How.* 198; *Stat. of Minn.* p. 349, sec. 159.

*Eighth.* The last mentioned objection goes to all the parties plaintiff, if the complaint shows a right of action in some or any of the Plaintiffs. The objection is too broad, and cannot be sustained. 16 *How.* 198; *Stat. of Minn.* sec. 169, p. 349.

*Ninth.* If the complaint fails to show a right of action in

some one or more of the Plaintiffs, then the proper objection would be that there is a misjoinder of parties; but no such objection is taken. *Stat. of Minn.* sec. 61, p. 327.

*Tenth.* Even if the misjoinder of parties was a ground of demurrer, the objection should be taken in the order prescribed by statute. If the order of objection for demurring on that ground is passed, the objection is admitted for the purposes of the action. 12 *How.* 547; 16 *Barbour,* 65.

*Eleventh.* An improper joinder of parties is not a ground of demurrer. 12 *How.* 134, 547; *Stat. of Minnesota,* sec. 61, page 337.

*Twelfth.* If the first and second objections assigned in the demurrer were intended as separate causes of demurrer, they are bad. The statute does not authorize any such cause of demurrer. *Stat. of Minn.* secs. 61 and 62, p. 337.

*Thirteenth.* If the first ground of demurrer specified was meant as an objection going to a defect of parties, it should have been specifically stated in the words of the statute, and should have pointed out who were the proper parties that ought to have been joined. 7 *How.* 278; 6 *ib.* 361.

*Fourteenth.* On demurrer, the party must state the grounds of demurrer on which he relies, and can only obtain judgment for the cause stated in the demurrer. 15 *How.* 500; *Stat. of Minn.* sec. 62, p. 337.

*Fifteenth.* The remedy of the Defendants below, if any, was by motion—not demurrer. 13 *How.* 360.

The following are the points and authorities of counsel for Respondents:

*First.* The Court below properly sustained the demurrer to the complaint in this action, because,

*Second.* Said complaint does not state facts sufficient to constitute a cause of action in favor of the Plaintiffs, or any of them, against the Defendants, or any of them named in said complaint; in that

*Third.* The payees and original owners of the note declared upon, were the *firm* of Bostwick, Pease & Co., as originally constituted; *and it was not the property of the several partners composing the firm, as tenants in common, but of the part-*

15

*nership as a whole.* Neither partner therefore had any specific interest in said note, but each only owned his proportionate share of what might remain of the partnership property, after all the partnership debts should have been paid; he also accounting for what he might owe to the firm. 6 *Mass.,* 243, *ib.* 271, 11 *do* 242, *ib.* 469, 17 *do* 198; 2 *Johns.,* 279; 1 *Fairf.,* 458; 1 *Parsons on Contracts,* 177; 18 *Conn.* 294; 3 *Denio.* 125; 14 *N. H.* 9.

*Fourth.* The purchase by the Plaintiff Chalfant, of the interest of the two Bostwicks, if in the note declared upon, could not therefore give him any interest in, or ownership of, said note.

*Fifth.* The purchase by said Plaintiff Chalfant, if of the interest of said William and Reuben Bostwick in said original firm, could only operate as a dissolution of said firm, giving said Chalfant a right to an account, and to the shares of said two Bostwicks in the surplus that might remain of the property of said partnership, after paying all partnership debts; he also accounting for what said William and Reuben Bostwick might owe the firm. *See cases cited to point four* (4) *ante. Also* 1 *Parsons on Contracts,* 170.

*Sixth.* The allegation that the Plaintiffs were at the commencement of the action "the lawful holders and owners" of the note declared upon, is a mere *conclusion of law,* and *not such allegation of fact* as would be deemed admitted by the demurrer. It would only be deemed a *sufficient* statement of fact, where the action is brought on a note *payable to order,* and endorsed in blank, or payable to bearer. 12 *How. Pr.,* 321; 15 *How. Pr.,* 1, *and note.*

*Seventh.* The complaint shows no endorsement or transfer of the note by the payees, to the Plaintiffs in this action, or either of them.

SANFORD & BEVERIDGE, Counsel for Appellants.

NOURSE & WINTHROP, Counsel for Respondents.

*By the Court*—C. E. FLANDRAU, J. Demurrer to Complaint. The Complaint shows that on the 13th day of April, 1857,

the Defendants made their promissory note for $1500 payable in eight months to the order of Bostwick, Pease & Co., which is the Plaintiffs' firm name now, and was then the name of a firm composed in part of the Plaintiffs, and delivered the note to the payees. That at the time of the making of the note, the Plaintiff Jacob W. Chalfant was not a member of the firm of Bostwick Pease & Co., but it was then composed of the other Plaintiffs, and William and Reuben Bostwick. That after the making of the note and on the 12th day of February, the Plaintiff Jacob W. Chalfant purchased the interest in the firm, of Reuben and William Bostwick, and became a member of the firm, the two Bostwicks retiring. That the firm as then composed, continued the name of the old firm and are the owners and holders of the note in question.

At the time of the withdrawal of the two Bostwicks from the firm, and the introduction of the new member, Jacob W. Chalfant, the old firm became dissolved and a new one was commenced, which by the purchase of the interest of the two old members, by the new one, succeeded to all the rights and interests of the old one. It does not appear that the note was endorsed by the old firm, to the new, but that is not at all necessary to pass *the title*, although the note was payable to order. A promissory note like any other personal property can be transferred by mere delivery, so as to pass the title, and the right to sue in the name of the holder, when a note is payable to order, and is found in the hands of a person not the payee, without the endorsement of the payee, the difference between such a holder and one who holds by an endorsement, is that the former is not entitled to the privileges of a *bona fine* holder, while the latter is : a note payable to order passed without endorsement is not taken in the regular course of business, and is subject to the same disabilities as if it had been taken after due, but the title passes sufficiently to maintain a suit in the name of the owner. The only question under our practice is, in whom is the real substantial ownership and property of the note? in whomsoever that is found there the cause of action is also. As no endorsement was necessary to pass the note, the note as part of the property of the old firm, became under the

purchase, the property of the new firm, and they alone can sue it.

The Defendants object to the Complaint for insufficiency, and the only ground urged that it is necessary to notice, is stated as follows:—"The payees and original owners of the note declared upon, were the firm of Bostwick, Pease & Co. as originally constituted, and it was not the property of the several partners composing the firm as tenants in common, but of the partnership as a whole, neither party therefore had any specific interest in said note, but each only owned his proportionate share of what might remain of the partnership property after all of the partnership debts should have been paid, he also accounting for what he might owe to the firm."

A considerable number of authorities are cited in support of this position, none of which on examination are found to sustain the conclusions contended for by the Respondents' counsel when applied to this case. There is nothing better settled than that on the dissolution of a partnership, the property of the concern is subject to pay, first, the partnership liabilities, then the individual liabilities of the members, and then what is left is the property of the several members, and subject to distribution among them, and that they cannot divert the property of the firm into any other channel; but it would seem to suggest itself at once, that to raise any such question there must appear to be debts due from the concern to some one, and that no one except creditors have any interest in what disposition the partnership make of their property, nor can any one else question it. It does not lie in the mouth of a debtor to the firm to say anything about it. A firm without a debt in the world, have no settlement on dissolution, to make, but to determine how much of the property belongs to each, and an action brought in the name of an assignee of a note from the several members of the firm, is well brought. The cases referred to by the counsel for the Respondents, were all cases of conflicts among creditors of insolvent partnerships for priority, and have no application to this case. The judgment of the Court below sustaining the demurrer to the complaint, is reversed, and judgment ordered for the Plaintiff on the demurrer.