Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 Confessedly the judgment must have the same effect given to it in the courts of New Jersey as it has in the State of
 
 *502
 
 New York, by the laws of that State, and either of the parties to it has, under the Constitution of the United States, a right to insist that such shall be its operation.
 

 Tlie question, therefore, is what was its effect in the State of New York?
 

 If, by the assignment to him, Wood, the assignee of the bond and mortgage, was clothed with the legal interest therein, and if when he sued, Walker, the assignor, was not a necessary party to the suit, it is plain the judgment in the suit determined finally the amount of the debt for which the bond was given, and neither Walker nor his administratrix, nor any subsequent assignee of either of them can maintain that the bond was not wholly extinguished in the judgment. They were all represented by Wood, and they can claim only through him. On the other hand, if Walker was a necessary party to the suit, neither he nor those claiming under him by subsequent right can be concluded by the judgment.
 

 By the 111th section of the Code of Procedure in New York, it was enacted that “every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113.” The 113th section enacted thus: “ An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust within the meaning of this section shall be construed to include a person with whom, or in whose name a contract is made for the benefit of another.” Doubtless the object of these provisions was to change the common-law rule that an action must be brought in the name of the party who has the legal right, and to substitute for it the rule in equity, but with considerable enlargement. This is manifest not only in the language of the statute, but in the construction which has been given to it by the courts of New York.
 

 Had there been nothing more than the requirement of the 111th section, that every action must be brought in the name of the real party in interest, it might be that the pre
 
 *503
 
 eise rule in equity as to parties might have been intended. But this cannot be, in view of the other sections. Tims the 117th enacts that all persons having an interest in the subject-matter
 
 may
 
 be joined as plaintiffs. The 118th enacts that any person
 
 may
 
 be a defendant who has or claims an interest in the controversy adverse to the plaintiffs, or who is a necessary party to a complete determination and settlement of the questions involved therein. The 119th section enacts that those
 
 united in interest
 
 must be joined as plaintiffs or defendants, unless the consent of one who should have been joined as plaintiff cannot be obtained, when he may be made a defendant. The 113th section we have already quoted. That, as we have seen, enables a trustee of an express trust to sue in his own name without joining those who have a beneficial interest. It makes him the representative of the holders of mere equities. Who, then, is a trustee of an express trust within the meaning of the statute? It is plain that the law intended to class among snch trustees others than those who, in equity, are regarded as technical trustees. It expressly declares that included among them shall be persons with whom, or in whose name, a contract is made for the benefit of another.
 

 And the judicial decisions of New York have given a liberal interpretation to the description, “ trustee of an express trust,” in accordance with the apparent intention of the legislature. Thus, in
 
 Cummings
 
 v. Morris,
 
 *
 
 where notes had been assigned to the plaintiff upon his agreement to give to the assignor when the notes should be collected the amount thereof in stock, it was held that the assignee might sue alone, and this though the whole beneficial interest was in the assignor. In
 
 Considerant
 
 v.
 
 Brisbane,
 

 †
 

 where a promissory note had been given to the plaintiff, as executive agent of a firm, it was ruled that he might sue in his own name, because he was a trustee of an express trust. In
 
 St. John
 
 v.
 
 The American Life Insurance Company,
 

 ‡
 

 the plaintiff was the assignee of two policies of insurance under an agreement
 
 *504
 
 that, if one of the policies was paid, he would pay to the wife of the assignor part of the proceeds thereof, and pay her all he recovered on the other policy. It was held that he could sue alone.
 
 Lewis
 
 v.
 
 Graham,
 

 *
 

 was a case where an assignment of property had been made by a debtor in trust for certain creditors, and the assignee was empowered to pay them, returning the balance to the assignor; and it was held that the assignee might bring a suit in his own name, without joining the
 
 cestui que trusts.
 
 In
 
 Slocum
 
 v. Barry,
 
 †
 
 which was an action brought by persons appointed to receive subscriptions for the Troy University against one who had signed a general subscription agreement, it was ruled they were trustees of an express trust, and it was said “ no formal or written agreement is necessary to create a trust in money or personal estate. Any declaration, however informal, which evinces the intention of the party with sufficient clearness, wilL have that effect.”
 
 ‡
 
 A factor, or other mercantile agent, who contracts in his own name in behalf of his principal, is a trustee of an express trust within the meaning of the statute.
 

 These, and other cases which might be cited, show how liberally the term “trustee of an express trust” has been construed in order to preserve, measurably, the common-law rule,, that he who has the legal right is the proper plaintiff'.
 

 If, now, we turn to the case in hand it will be found not easy to see why, if Wood was not the real party in interest when he sued upon the bond, he was not at least a trustee of an express'trust. The assignment of Walker to him, though expressly stated to be for a collateral security, gave him the entire legal interest. It enabled him to employ the entire bond, if necessary, for the payment of the assignor’s debt to him. Had the assignment been without reference to the purpose for which it was made, it is not doubted that the assignee would have been the real party in interest, and
 
 *505
 
 as such entitled to sue without joining the assignor, and this though in fact made as a collateral security. The legal effect of the transfer cannot be different because the purpose of it was expressed. It is to be observed that Walker's assignment was not of part of the bond, making Wood and Walker joint owners, as was the case in
 
 Lewando
 
 v.
 
 Dunham.
 

 *
 
 where the agreement was that the assignor should have half the judgment. Walker’s rights were not concurrent with those of his assignee. They were subordinate. He had nothing to get until Wood’s claim was entirely satisfied. By his assignment he substituted Wood in his place to demand and receive payment of the bond, and agreed to look to Wood for what remained after his notes were satisfied. Surely after the assignment he had no right to demand anything from Chew. How then had he any real interest in the bond? He had an interest in what Wood might collect by virtue of the bond, but that is a different thing from an interest in the bond itself. And Wood, by taking the assignment expressly as a collateral security, undertook to account to his assignor for the property assigned. He became the holder of the legal right under an express trust to hold the beneficial interest or the money collected primarily for himself, and secondarily for his assignor. If faithless to his trust, if he colluded with the obligor in the bond, he was responsible to his
 
 cestui que trust.
 

 If then, as we think, Wood by the assignment became the trustee of an express trust, neither Walker nor his personal representative was a necessary party to the suit which was brought upon the bond. They were represented by the trustee, and the judgment which he recovered settled finally against them, and all elaiming under them as well as against Wood, the amount recoverable. Such, in our opinion, was the legal effect of the judgment in the State of New York. And the plaintiff- in error has a constitutional right to have the same effect given to it in the State of New Jersey. The learned court, therefore, erred in decreeing a foreclosure of
 
 *506
 
 the mortgage. The complainant’s bill should have been dismissed.
 

 Decree reversed, and the cause remitted with directions to proceed
 

 In accordance with this opinion.
 

 *
 

 25 New fork, 625.
 

 †
 

 22 Id. 389.
 

 ‡
 

 13 Id. 81.
 

 *
 

 4 Abbott, 106.
 

 †
 

 34 Howard’s Practice, 320.
 

 ‡
 

 Cummins
 
 v.
 
 Barkalow, 4 Keyes, 514 ; Reed
 
 v.
 
 Harris, 7 Robertson, 151; Burbank
 
 v.
 
 Beach, 15 Barbour, 326; Brown
 
 v.
 
 Cherry, 38 Howard, 352.
 

 *
 

 1 Hilton, 114.