## Rising v. Teabout et al.

1. **Appeal:** ERROR WITHOUT PREJUDICE. Alleged errors upon the trial of a branch of a case on which the appellant received all that he asked for could not have prejudiced him, and therefore cannot be considered on appeal.

2. **Parties to Actions:** PERSON IN POSSESSION OF NOTE. The person having a promissory note, whether negotiable or not, in his possession, may bring an action thereon in his own name. (Compare *Younker v. Martin*, 18 Iowa, 143, and *Pearson v. Cummings*, 28 Id., 345.)

3. **Judgment:** ERROR IN COMPUTATION: CORRECTION ON APPEAL. An error in computing the amount of a judgment, whether made by the clerk or the court below, cannot be corrected in this court, where no motion was made for that purpose in the court below.

*Appeal from O'Brien District Court.*

### WEDNESDAY, DECEMBER 14.

THERE are two counts in the petition—one on a promissory note, and the other on an account. Trial to the court. Judgment for the plaintiff on the note, and for the defendants on the account. The latter appeal.

*Warren Walker*, for appellants.

*W. D. Boies*, for appellee.

SEEVERS, J.—I. Several of the errors assigned and argued by counsel relate to rulings having reference alone to the account. As the court found for the defendants on that branch of the case, the rulings, however erroneous they may be conceded to be, cannot be regarded as prejudicial.

1. APPEAL: error without prejudice.

II. The note is payable to J. H. Isilin & Co., and is not negotiable. It was indorsed as follows:

2. PARTIES to action: person in possession of note.

"Pay the within to G. M. Rising, without recourse.

"JOHN H. ISILIN & Co.

"By C. H. BULLIS."

The allegations of the petition are simply denied by the answer, which is not verified. When the note was offered in

evidence, the defendants objected to its introduction, on the ground that it was not shown that the note was the property of the plaintiff, and no authority is shown for the assignment thereof, which objection was overruled. This ruling is assigned as error. Mr. Bullis, against the objection of the defendant, testifies, in relation to his authority to indorse the note, that "Harry Isilin left the note and account with me, and left the whole matter in my charge, to do with it just as I deemed best." · The admission of this evidence is assigned as error. Conceding this last ruling to have been erroneous, we do not think it was prejudicial, for the reason that the plaintiff had possession of the note, and therefore was authorized to bring suit thereon. in his own name. This was ruled in *Younker v. Martin*, 18 Iowa, 143, and *Pearson v. Cummings*, 28 Id., 345. It is true that in these cases the notes were payable to the order of the payee therein named; but this difference is immaterial, for the reason that it was held that the plaintiff could maintain the action because he was the holder. We need not repeat the reasoning of the cases cited.

III. The amount due upon the note was assessed by the clerk under the direction of the court, and for such amount the judgment was rendered. The appellants insist that the judgment was rendered for about three dollars more than was due. If this is so, (which is doubtful,) the mistake was made by the clerk, and the court was not asked to correct it, and therefore it cannot be corrected in this court. (Code, § 3167.) Or if it can be said to have been a mistake or error of the court, it cannot be corrected by this court, for the reason no motion was made to correct it in the court below. (Code, § 3168.)

*3. JUDGMENT: error in computation: correction on appeal.*

IV. Evidence was introduced by the defendants tending to show they did not sign the note. But such evidence is not so convincing as to justify us in setting aside the finding of the court.

AFFIRMED.