[No. 2356]

## WINNEMUCCA STATE BANK AND TRUST COMPANY (a Corporation), Appellant, *v.* J. D. CORBEIL, Respondent.

[178 Pac. 23]

1. PARTIES—RIGHT OF PLEDGEE TO SUE IN ITS OWN NAME—"TRUSTEE OF EXPRESS TRUST"—"REAL PARTY IN INTEREST."

The indorsement and delivery of a note, whether negotiable or non-negotiable, as collateral for the payment of a debt, enables the pledgee, upon default of pledgor, to maintain an action thereon in its own name, the pledgee, if not the real party in interest within practice act, sec. 44 (Rev. Laws, 4986), being at least a trustee of an express trust, within section 45.

2. PARTIES—REAL PARTY IN INTEREST—STATUTE.

The purpose of practice act, sec. 44 (Rev. Laws, 4986), providing that every action shall be prosecuted in the name of the real party in interest, is, in view of sections 45, 56, 57, and 59, to relax the strict rules of the common law, so as to enable those directly interested in the subject-matter of the litigation to maintain the action.

3. PLEDGES—RIGHT OF PLEDGEE TO SUE IN ITS OWN NAME.

The general rule is that the pledgor cannot maintain an action on the collateral while the condition is not performed, and the pledgee of a collateral, where the condition has not been performed, is *held* to be the party in interest to maintain an action thereon.

4. PLEDGES—TITLE OF PLEDGEE.

In case of a note of a third party pledged as collateral security, the general property remains in the pledgor, and a special property in the note passes to the pledgee, and whatever special interest is necessary to enable pledgee to exercise the rights guaranteed to him or discharge the obligations imposed upon him by contract vests in him.

5. PLEDGES—TITLE OF PLEDGEE—EXPRESS TRUSTS.
> Plaintiff, by taking from debtor payee defendant's note, expressly as collateral security, undertook to account to debtor, and became the holder of the legal title under an express trust to hold the beneficial interest or the money collected primarily for itself and secondarily for debtor.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker,* Judge.

Action by the Winnemucca State Bank and Trust Company, a corporation, against J. D. Corbeil. Judgment for defendant, and plaintiff appeals. **Reversed and remanded.**

*Warren & Hawkins,* for Appellant:

A party with the interest of the plaintiff is a real party in interest within the meaning of the statute, and is entitled to maintain the action. Consolidated Nat. Bank v. Heverin, 77 Cal. 263; Philbrook v. Superior Court, 43 Pac. 402; Hale v. Harris, 83 N. W. 1046. "There is no objection to the assignment of choses in action to a third person for the purpose of collection, and in such case the legal title passes so as to entitle the assignee to sue, while the assignor retains an equitable interest with which the debtor has no concern." Greig v. Riordan, 33 Pac. 913; Stewart v. Price, 67 Pac. 553. "The real party in interest, within the meaning of the provision of the code, is the person who will be entitled to the benefits of the action if successful—one who is actually and substantially interested in the subject-matter." Gross v. Heckert, 120 Wis. 314; Jackson v. McGilbray, 46 Okl. 208.

Non-negotiable promissory notes may be transferred by indorsement and delivery to the same extent as negotiable notes. Norton v. Pistaqua Ins. Co., 111 Mass. 532; Rising v. Teabout, 35 N. W. 499; Merchants Nat. Bank v. Gregg, 64 N. W. 1052; Brown v. Union Bank, 62 Miss. 754; White v. Lowe, 7 Barb. 304; Shelley v. Baker, 54 S. E. 653.

Even if plaintiff were not the real party in interest, within the meaning of the statute, defendant cannot raise

the question unless he shows that he would receive some injury if plaintiff, rather than the payee, were allowed to maintain the action. Herman v. Hecht, 48 Pac. 611; Sturgis v. Baker, 72 Pac. 744; Lodge v. Lewis, 72 Pac. 1008.

*L. G. Campbell,* for Respondent:

The indorsement of a non-negotiable instrument, in the absence of a statute providing for such indorsement, does not pass the legal or equitable title. The legal title remains in the payee of the note, even though the payee has pledged it. Con. Nat. Bank v. Hays, 44 Pac. 469. The owner of the legal title is the real party in interest. Under the statute, actions must be brought in the name of the real party in interest. The pledgee, not having the legal title, cannot maintain the suit. O'Connor v. Irvine, 16 Pac. 236.

The test of "real party in interest" is whether or not a judgment for or against plaintiff will protect defendant in the event of another claim on the same contract. 30 Cyc. 82. The action not being brought in the name of the real party in interest, which fact appeared on the face of the complaint, a general demurrer was the proper method of raising the question. People v. Haggin, 57 Cal. 579.

By the Court, SANDERS, J.:

This is an action on a promissory note.

The plaintiff, a domestic banking corporation, alleges in its complaint that the Interstate Life Insurance Company executed and delivered to the plaintiff its promissory note for $1,000, and "delivered and left with the plaintiff, as collateral security" for its payment, that certain promissory note of the defendant in words and figures as follows, to wit:

"$800.00.          Winnemucca, Nevada, Nov. 5th, 1915.

"Twelve months after date, without grace, I promise to pay to the order of Interstate Life Ins. Co. at Winnemucca, Nevada, Eight hundred Dollars, in Gold Coin of

the United States of America, of the present standard value, with interest thereon, in like Gold Coin, at the rate of 6 per cent per annum from date until paid for value received. Interest to be paid semiannually and if not so paid, when whole sum of both Principal and Interest to become immediately due and collectible, at the option of the holder of this note. And in case suit or action is instituted to collect this note, or any portion thereof I promise and agree to pay, in addition to the costs and disbursements provided by statute, such additional sum, in like Gold Coin, as the Court may adjudge reasonable, for Attorney's fees to be allowed in said suit or action.

"Interest payable from issuance of license to write policies.

"Due Nov. 5th, 1916.

"Witness: H. Howard Dunbar.          J. D. Corbeil."

That the said promissory note bears on the back thereof 20 cents in canceled United States revenue stamps, and is indorsed on the back thereof as follows: "Interstate Life Insurance Co. A. W. Stowe, Secy. A. G. Crane, President."

It is further alleged that said note was "so indorsed and delivered" as security for the payment of the covenants of the said Interstate Life Insurance Company, and to further secure the repayment of the sum evidenced by its promissory note; that both notes are due and unpaid, and that the plaintiff is the legal owner of the defendant's said note, as well as the holder thereof; and demanded judgment against the defendant for the amount of the note so pledged.

The district court sustained a general demurrer to the complaint, and ordered the action dismissed, and rendered judgment in favor of the defendant and against the plaintiff for costs. The plaintiff appeals.

1. The principal question presented by the demurrer is whether the indorsement and delivery of a promissory

note as collateral security for the payment of a debt enables the pledgee, upon default of the pledgor, to maintain an action thereon in its own name.

Section 44 of our practice act (Rev. Laws, 4986) provides that "every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this act."

It is the contention of the respondent that the complaint shows the legal title to the note in question to be in the payee, and it is the real party in interest, and the only party entitled to prosecute the action.

Doubtless the object of section 44 of the practice act, says the Supreme Court of the United States, in construing a similar provision in the New York practice act, was to change the common-law rule that an action must be brought in the name of the party who has the legal right, and to substitute for it the rule in equity, but with considerable enlargement. Chew v. Brumagen, 13 Wall. 497, 20 L. Ed. 663.

2. The purpose of the statute is to relax the strict rules of the common law so as to enable those directly interested in the subject-matter of the litigation to maintain the action. 20 R. C. L. 665. This is manifest not only in the language of the statute, but in the construction which has been given to it by every state that has adopted the new system of procedure. Had there been nothing more than the requirement of the statute, that every action be brought in the name of the real party in interest, it might be that the precise rule in equity as to parties might have been intended; but this cannot be, in view of the other sections of our practice act. Thus section 56 enacts that all persons having an interest in the subject-matter may be joined as plaintiffs. Chew v. Brumagen, supra. Section 57 enacts that any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiffs, or who is a necessary party to a complete determination and settlement of the question involved therein. Section 59 enacts that those united in interest must be joined

as plaintiffs or defendants, unless the consent of one who should have been joined as plaintiff cannot be obtained, when he may be made a defendant. Section 45 enables a trustee of an express trust to sue in his own name without joining those who have a beneficial interest. Under the code system, the beneficial claimant or, in the language of the code, the "real party in interest" is the proper party plaintiff, and when the plaintiff has an equitable or beneficial interest in the subject-matter of the litigation he may support an action in his own name. Overholt v. Dietz, 43 Or. 199, 72 Pac. 695; Van Santvoord, Pl. 74.

3. The general rule is that the pledgor cannot maintain an action on the collateral while the condition is not performed, and the pledgee of a collateral, where the condition has not been performed, is held to be the party in interest to maintain an action thereon. Bibb v. Hall, 101 Ala. 79, 14 South. 98; Marine Bank v. Vail, 19 N. Y. Super. Ct. 421; Williams v. Norton, 3 Kan. 295; Best v. Rocky Mtn. Natl. Bank, 37 Colo. 149, 85 Pac. 1124, 7 L. R. A. (N. S.) 1036; Wheeler v. Newbould, 16 N. Y. 396; note 23, 64 L. R. A. 617.

The transaction stated in the complaint is conceded to be in the nature of a pledge, and the rights and liabilities of the parties are to be determined by the law applicable to the pledgee of property of this character.

4. It is a well-settled rule of law relating to this class of bailments that the general property in the pawn remains in the pledgor, and a special property therein passes to the pledgee, and whatever special interest or interests in the estate in the pawn is necessary to enable the pledgee to exercise the rights guaranteed to him or discharge the obligation imposed upon him by the contract vests in him. The contract or pledge exists in law as well as equity, and that by operation of law the pledgee takes, not a lien only, which is merely a right to retain until the debt, in respect to which the lien was created, has been satisfied, but a property—an ownership in the property pledged. White v. Phelps, 14 Minn.

27 (Gil. 21), 100 Am. Dec. 190; Story on Bailments, sec. 93.

The purpose of the pledge in this case was that the pledgee might reimburse himself for his debt when it becomes due and remains unpaid. This can only be done by converting the pledge into money. This, then, he has a right to do in a bona-fide manner, and the contract assigns him such a property in the pledge as will enable him to do it. Whether it is a note or goods and chattels makes no difference—the property passes. White v. Phelps, supra.

Applying these principles to the cause of action stated in the complaint, it is not easy to see why, if the plaintiff is not the real party in interest, it was not at least a trustee of an express trust. The indorsement and delivery of the note, though expressly stated to be for a collateral security, gave plaintiff the entire legal interest in the note. The indorsement and delivery of the note enabled the plaintiff to employ the entire note for the payment of its debt. The rights of the insurance company are not concurrent with those of the plaintiff. They are subordinate. The insurance company has nothing to get from the note until the plaintiff's claim be entirely satisfied. By its indorsement and delivery of the note it substituted the plaintiff in its place to demand and receive payment of the note. Surely it had no right to demand anything from the plaintiff. How, then, had it any real interest in the note at the commencement of the action? It is true it had an interest in what the plaintiff might collect, but that is a different thing from an interest in the note itself.

5. And the plaintiff, by taking the note expressly as a collateral security, undertook to account to the insurance company for the property assigned. It became the holder of the legal title under an express trust to hold the beneficial interest or the money collected primarily for itself, and secondarily for the indorser. Chew v. Brumagen, supra.

The right of the plaintiff to maintain this action arises

from its alleged interest in the subject of the action, the note, and in obtaining the relief demanded. This court has had occasion to hold that the pledgee of a negotiable note as collateral security may maintain a suit in his own name as the real party in interest. Haydon v. Nicoletti, 18 Nev. 290, 3 Pac. 473. But from this it cannot be successfully urged that a party holding a non-negotiable note, having the indorsement and delivery by the payee to him of the note, cannot maintain an action for its payment. Rising v. Teabout, 73 Iowa, 419, 35 N. W. 499; Norton v. P. I. Co., 111 Mass. 532; Brown v. Richardson, 14 N. Y. Super. Ct. 402; Prindle v. Caruthers, 15 N. Y. 425; 7 Cyc. 813.

Entertaining these views, we are clearly of the opinion that, whether the note declared on be negotiable or nonnegotiable, the complaint states a cause of action. The judgment, therefore, must be reversed, and the cause remanded for further proceedings.

Ducker, J., did not participate in the consideration of this case.