W. J. TOBIN, AS RECEIVER OF THE RENO NATIONAL
BANK, A NATIONAL BANK ASSOCIATION, APPEL-
LANT, *v.* EDWARD J. SEABORN, AS RECEIVER OF
THE SECURITY SAVINGS & LOAN ASSOCIATION, A
CORPORATION INCORPORATED UNDER THE LAWS OF
THE STATE OF NEVADA, RESPONDENT.

No. 3196

January 27, 1938.                    75 P. (2d) 359.

*N. J. Barry,* for Appellant.

*William McKnight, W. B. Ames* and *David Rosner,*
for Respondent.

## OPINION

By the Court, TABER, J.:

This appeal is from a judgment of the Second
Judicial District Court, Washoe County, in civil action
No. 35851, revoking leave given appellant to sue
respondent, and from an order denying appellant's
motion for a new trial.

For the reasons given in the opinion in case No. 3197
(58 Nev. 416, 75 P. (2d) 353), decided this 27th day of
January 1938, the judgment and order appealed from
are affirmed.

### ON PETITION FOR REHEARING
April 18, 1938.

*Per Curiam:*

Rehearing granted.

## On Rehearing

September 20, 1938.                    82 P.(2d) 746.

*N. J. Barry,* for Appellant.

*William McKnight, W. B. Ames* and *David Rosner,* for Respondent.

## OPINION

By the Court, TABER, J.:

Appellant points out that he appealed, not only from the order of the district court denying his motion for a

new trial, but also from the judgment, and contends that even if the appeal from the order denying the motion for new trial be disregarded, the record requires a reversal of the judgment. "The stipulation in this case," says counsel, "identifies the complaint, the second amended answer, the reply, the findings, and the judgment. It is all before the court and there is nothing in the case except the construction of a United States statute * * *."

In his supplemental brief on rehearing, appellant states that respondent's motion in the district court was based upon three grounds: "(1) That the Court in case No. 35851 had made an order directing the formation of a new corporation and directed the defendant herein to convey the assets in dispute to himself as receiver of the new corporation. (2) That the defendant in this action had executed the conveyance. (3) That the defendant did not have possession of the property." This statement is incomplete and incorrect because respondent in setting forth the grounds upon which said motion was based, included the following: "4. Because the Security Realization Company, a Nevada corporation, ever since the 19th day of August, 1933, has been, and now is, the owner, in possession, and entitled to the possession of all the right, title and interest in the personal property sought to be recovered in said action numbered 45421, previously owned or possessed by the Receiver of the Security Savings & Loan Association, a corporation. 5. Because the said Edward J. Seaborn, as Receiver of the Security Savings and Loan Association, a corporation, did not have any title, possession, or right of possession, to any of the bonds or personal property set forth and described in the complaint in said action numbered 45421, in the above entitled Court, when said action was commenced or when the order granting leave to sue him for the recovery of said bonds and personal property, now sought to be vacated and set aside, was made and

granted by the Court, nor has he since the commencement of said action numbered 45421 acquired any title, possession or right of possession in or to any of the bonds or personal property set forth and described in said action."

If it be conceded that appellant is correct in his contention that respondent admitted, in his second amended answer in district court action No. 45421, that he was in possession of the disputed assets, it does not follow that he admitted, in said answer or otherwise, that appellant was the owner or entitled to the possession of said securities. Appellant's allegation, in his complaint in said action No. 45421, that said securities were at all times the property and assets of the Reno National Bank was specifically denied by respondent in his said answer. Respondent further alleged that the money placed in the bank in April 1932, was in reality a loan, and appellant has at no time alleged or claimed that he or the bank accounted to respondent for the money placed in the bank in April 1932, and admits that said money has not all been paid, though legal demand was made for such payment pursuant to the pledge agreement. When a pledgor defaults, the property in the thing pledged does not remain exclusively in the pledgor. Winnemucca State Bank & Trust Co. v. J. D. Corbeil, 42 Nev. 378, 178 P. 23; 49 C. J. 922, 923. The securities were pledged nearly eight months before the bank was declared insolvent. It is generally held, in the absence of fraud or preferential transfer in contemplation of insolvency, that the pledge of a bank's assets as security for a loan to the bank will not be avoided where the security was given and taken in good faith. 9 C. J. S., Banks and Banking, secs. 170, 171, pages 364, 365; 12 U. S. C. A. sec. 91, note 39, p. 300. And see Organ v. Winnemucca State Bank & Trust Co., 55 Nev. 72, 26 P. (2d) 237. Appellant contends that the pledge agreement of April 7, 1932, conclusively shows that the $60,000 placed in the bank

at that time was a deposit, and could not legally be considered a loan. The record, however, does not show that a general demurrer was filed to respondent's first affirmative defense, which alleged that said money was really a loan.

The record on appeal shows that at the hearing of respondent's motion in the district court, documentary evidence and oral testimony were received in evidence and the court in granting the motion, gave as one of the grounds for such action that the disputed securities had been the property of Security Realization Company ever since August 1933. This is at variance with appellant's contention that the property in these securities has at all times remained in the bank.

It is true that appellant was not a party to district court action No. 35851 when the order was made directing the transfer of the securities to the newly-formed Security Realization Company; but his application for leave to sue was made in that action, and he was the party plaintiff in case No. 45421. Notice of respondent's motion to revoke appellant's leave to sue and to dismiss action No. 45421 was served on appellant, and he was thus given the opportunity, on the hearing of respondent's said motion, to show, if he could, that the order directing the transfer of the securities to Security Realization Company was void under the provisions of 12 U. S. C. A., sec. 91, Banks and Banking, which reads as follows: "All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate or judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of

its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction or execution shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." Whether this opportunity was taken advantage of, and, if so, just what took place in relation thereto on the hearing of the motion, this court cannot know, because there is not, anywhere in the record on appeal, any certificate or stipulation showing that the record contains the substance of the proceedings relating to the point or points involved, or that it contains so much of the evidence as may be necessary to explain the alleged errors relied on. The judgment roll alone does not show that the pledge of the securities in April 1932, was void, nor does it show that the district court order of May 1933, or the transfer of the securities to Security Realization Company made pursuant thereto, contravened the provisions of said section 91. Before we could set aside a transfer of the assets of the bank under the provisions of 12 U. S. C. A., sec. 91, it would have to appear that such assets, at the time of the transfer, were owned by the bank—were its property. But according to the record as it has come before us, it is a disputed question whether the securities were the property of the bank, either in December 1932, when the bank was adjudged insolvent, or in 1933, when the court order and transfer pursuant thereto were made.

■■ On appeal it is the duty of the complaining party to show from the record that prejudicial error was committed in the court below. 4 C. J. S., Appeal and Error, sec. 709, page 1183. In this case it has not been made to appear from the pleadings, findings, and judgment that reversible error was committed by the

court below, either in granting the motion to revoke appellant's leave to sue in action No. 35851, or in dismissing action No. 45421.

The judgment and order appealed from are affirmed.