12816

COLUMBIA NAT. BANK OF COLUMBIA v. ARTHUR *ET AL.*

(151 S. E., 274)

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for appellant,

*Messrs. R. O. Purdy, D. W. Robinson,* and *D. W. Robinson, Jr.,* for respondent,

January 22, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On February 10, 1916, M. DeVeaux Moore conveyed to his daughter, Anne Moore Arthur, all his right, title, and interest (being a life estate) in a tract of land in Sumter County, the deed being recorded in the office of the Clerk of Court for that county on February 11, 1916. At that time Mrs. Arthur owned, and still owns, in her own right, a one-fifth interest in remainder in the same premises. In

April, 1917, she mortgaged the premises to the Palmetto National Bank; the mortgage being recorded in the office of the Clerk of Court for Sumter County on April 14, 1917.

On or about March 5, 1919, M. DeVeaux Moore brought an action against William W. Arthur, Anne Moore Arthur, *et al.,* in the Court of Common Pleas for Sumter County, for the purpose of setting aside his deed to Mrs. Arthur, on the ground, among others, that it was procured through a conspiracy to deprive him of his property. The Palmetto National Bank was made a party to this action and filed an answer. On trial, the bank did not attempt to prove the allegations of its answer, or to establish in any way the validity of its mortgage as against the claims of the plaintiff Moore; but, on the contrary, its counsel entered into an agreement with plaintiff's counsel that the Court's decree should be binding on the bank. The case eventuated in a decree dated January 3, 1921, by which the deed was canceled and set aside, and in which no reference was made to the bank's mortgage. There was no appeal.

Subsequently, the Palmetto National Bank assigned and transferred the mortgage to the Columbia National Bank which in 1927 commenced the present action for its foreclosure. M. DeVeaux Moore was made a party defendant and filed an answer alleging his ownership of a life estate in the land and his possession thereof.

On August 3, 1928, D. W. Robinson, counsel for Moore, signed a stipulation agreeing to allow the plaintiff to amend its complaint by substituting a new paragraph for paragraph 9. The original paragraph is as follows:

"9. That the premises described in the mortgage as set forth in the complaint, are held by the defendant M. De Veaux Moore for the term of his natural life, and at his death to go to his five children, of whom the defendant Anne Moore Arthur is one; and that as a consequence thereto said Anne Moore Arthur's interest in said premises

consists of an undivided one-fifth interest in the remainder in the same, which interest is covered by said mortgage; that it is sought herein to foreclose said mortgage in so far as it affects said defendant's one-fifth interest in remainder only, no claim being made to any other portion of said premises."

The paragraph proposed to be substituted by amendment reads:

"9. That the premises described in the mortgage as set forth in the complaint herein, were formerly held by the defendant M. De Veaux Moore for the term of his natural life, and at his death to go to his five children. That previous to plaintiff's said mortgage the defendant M. De Veaux Moore conveyed his said life estate in said premises to his daughter, Anne Moore Arthur, mortgagor and defendant herein, which said conveyance was subsequently cancelled and set aside by decree of the Court of Common Pleas for Sumter County in an action by M. De Veaux Moore, plaintiff against William W. Arthur, et al., and the property restored to said grantor, but after the rights of this plaintiff had accrued under its said mortgage. That it is sought herein to foreclose said mortgage in as far as it affects the one-fifth interest in remainder of defendant Anne Moore Arthur and the life estate of defendant M. De Veaux Moore, no claim being made to any other portion of said premises."

Afterwards Mr. Robinson requested plaintiff's counsel to relieve him from his stipulation but the request was refused. Thereupon plaintiff's counsel served upon counsel for Moore and personally upon Mrs. Arthur notice of a motion to amend its complaint in the manner already set forth. Counsel for Moore then served plaintiff's counsel with notice of a motion for an order relieving him from his stipulation and preventing plaintiff's counsel from violating the agreement made by counsel for the Palmetto National Bank with counsel for Moore during the pendency of the former action, to the effect that the result of that action should be binding on the bank.

These motions were heard by his Honor, Judge Shipp, on October 1, 1928, upon the notices and exhibits attached thereto and additional exhibits; the defendant Mrs. Arthur making no appearance. The Court passed an order refusing the motion to amend and granting the motion to relieve counsel for the defendant Moore from his written agreement to allow plaintiff's proposed amendment. From this order the plaintiff appeals. The order contains this concise statement of the issues:

"In substance the issue between the parties is whether the plaintiff bank shall be allowed to amend its complaint which was originally served in September, 1927, by changing paragraph 9 and the prayer of the complaint so that instead of asking for foreclosure of a lien on an undivided one-fifth interest standing in the name of Anne Moore Arthur, they would also ask for the foreclosure of their lien upon the life estate in the property now in the name of M. De Veaux Moore.

"The plaintiff asks for the amendment upon the ground that it has recently discovered facts which were not before the bank in September, 1927, which would allow them to claim this lien, and upon the ground that they have used reasonable diligence in ascertaining these facts.

"The defendant, M. De Veaux Moore, resists this motion and supports his motion to be relieved of the agreement to allow the amendment upon the ground that the plaintiff has not been diligent in ascertaining the new facts as referred to in the notice, upon the ground that the question of the plaintiff's lien on the life estate is precluded by the judgment in the case of *M. De Veaux Moore v. W. W. Arthur, et al.,* and upon the ground that counsel for the bank and counsel for M. De Veaux Moore have heretofore agreed that the bank had no lien upon the life estate, which agreement is binding upon the bank."

The Court's reasoning and conclusions are as follows:

"After a full argument of all the issues before me and free reference to the judgment roll in the case of *M. De Veaux Moore v. W. W. Arthur, et al.,* I have reached the conclusion that even if the plaintiff were allowed to amend its complaint, the decree and rulings in the case of *Moore v. Arthur,* would preclude its establishing any lien on the life estate which is now in the name of M. De Veaux Moore. It would therefore be useless for this Court to allow the complaint to be amended in this particular. In other words, the plaintiff in a showing for amendment, must satisfy the Court not only that there are grounds for allowing the amendment, but that the proposed amendment is meritorious.

"Other reasons were urged upon the Court to refuse the amendment, but I prefer to rest my decision upon the ground that the Columbia National Bank of Columbia, standing in the shoes of the Palmetto National Bank, is now estopped to claim any lien upon the life estate of M. De Veaux Moore by reason of the proceedings in the case of *M. De Veaux Moore v. W. W. Arthur, Anne Moore Arthur and the Palmetto National Bank,* judgment roll 9251, to which proceedings the predecessor in title of this plaintiff was a party."

We agree with the views of the trial Judge. Mrs. Arthur's mortgage to the Palmetto National Bank was given and recorded subsequently to the execution and recordation of the deed whereby M. De Veaux Moore conveyed to her his life estate. The records indicated, therefore, that the bank, through its mortgage, claimed a lien on the former life interest of M. De Veaux Moore in the land, and very properly in the case afterwards brought by Moore for the purpose of setting aside the deed, the bank was made a party defendant. The complaint in that case contained an allegation "that the defendant Palmetto National Bank has or claims some lien on or interest in the tract of land * * * by virtue of a mortgage alleged to have been given to it by the defendant, Anne Moore Arthur." The bank was thus put on notice that it was made a party for the purpose of

determining its rights in the life estate under its mortgage. By its answer it set up that "this defendant * * * holds a mortgage on the tract of land * * * referred to in the complaint, the said mortgage having been executed and delivered to this defendant for value without notice of any claim to said premises by the plaintiff," and prayed that the complaint be dismissed so far as it was concerned. The pleadings clearly raised between the Palmetto National Bank and Moore the question of the validity of the bank's mortgage in so far as it affected the life interest of the latter. The Court held that the deed was void, and directed that it be cancelled and set aside, and from this decree there was no appeal. Regardless of any agreement which may have been entered into by counsel for the bank with counsel for M. De Veaux Moore that the decree in that case should be binding on the bank, the question of the validity of the bank's mortgage, in so far as it affects the life interest of Moore, was settled by that case. In the present case the plaintiff stands in the shoes of its assignor, the Palmetto National Bank, and the same issue is now involved between it and the defendant Moore. As the decree in the former case adjudicated this issue, the matter is *res judicata* and cannot again be litigated in the present case. Under this view, the question of relieving Mr. Robinson from his agreement as to the amendment of the complaint is immaterial, since, even if the amendment were allowed, the plaintiff could not prevail as to the life interest of M. De Veaux Moore.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.