14055

BENNETT v. HINDMAN *ET AL.*

(179 S. E., 794)

*Messrs. B. F. Martin* and *C. D. Earle,* for appellant,

*Messrs. Morgan & Cothran* and *Watkins & Prince,* for respondent,

*Messrs. Allan & Doyle* for other respondents.

April 30, 1935.

The opinion of the Court was delivered by MR. M. M. MANN, ACTING ASSOCIATE JUSTICE.

This is a suit for the foreclosure of a mortgage given by the defendant Hattie Hindman to Chicora Bank of Pelzer, S. C., on January 30, 1925, which covers 27 acres of real estate in Anderson County. The mortgage secures the note of $5,000.00 of the defendant Hattie Hindman, given to the Chicora Bank and indorsed by her husband, J. L. Hindman. Thereafter, on February 1, 1930, the Chicora Bank assigned these papers to W. B. Bennett and his wife, Mrs. Dora Griffin Bennett, the later of whom brings this proceeding in her own right and as executrix of her late husband, W. B. Bennett, deceased, for the foreclosure of said mortgage.

The action was commenced in August, 1934. Mrs. Hattie Hindman is a party defendant because she is still the owner of the mortgaged premises and is a party to the note and mortgage. J. L. Hindman appears as a defendant because he is an indorser of the note. C. C. Hindman is made a party defendant on the ground that he is a subsequent lien creditor. The two insurance companies appear as parties because they

owe some one for a fire damage to a house on the mortgaged premises.

Mrs. Hindman, the appellant, answered the complaint by a guardian *ad litem*, alleging: (1) A denial of the execution of the note and mortgage; (2) that by reason of a stroke of paralysis which she had suffered some years prior to 1925 she was so unsound mentally in 1925 that she lacked mental capacity to execute the note and mortgage; and (3) that the note and mortgage, if executed by her, were obtained from her as a result of the fraud and imposition practiced upon her by the Chicora Bank and her two kinsmen and the late W. K. Hudgens and the late W. E. Thompson, all known, acquiesced in, and permitted by her husband, J. L. Hindman.

As a fourth defense, which she styles, "Further Answering, By Way of Interpleader, and By Way of Cross-Complaint Against the Defendants, J. L. Hindman, Hudgens Wholesale Company, a Corporation, Chicora Bank, of Pelzer, S. C., a corporation, James W. Hudgens, as Administrator of the Estate of W. K. Hudgens, deceased, and James W. Hudgens, as Administrator of the Estate of W. E. Thompson, deceased," she sets up again the defenses of mental incapacity and fraud and imposition, and by this cross-complaint asks that these parties against whom she set up this cross-complaint be brought in as parties, and that this note and mortgage be adjudged void and canceled. Then by her general prayer to the whole answer she asks that the complaint be dismissed and that the note and mortgage be declared void and canceled.

Thereafter, the defendant Hattie Hindman on notice made a motion before Judge Gaston for an order to bring in as parties Chicora Bank of Pelzer, S. C., a corporation, Hudgens Wholesale Company, a corporation, James W. Hudgens, as administrator of the estate of W. K. Hudgens, deceased, and James W. Hudgens, as administrator of the estate of W. E. Thompson, deceased. This motion was refused. The plaintiff then moved Judge Gaston that the cross-

complaint be stricken from this answer, and at the same time Mrs. Hindman renewed her motion to bring in the additional parties. The plaintiff's motion was granted and the defendant's motion was refused. Appropriate orders were entered, and from these orders Mrs. Hindman appeals.

The appellant's brief states the two questions raised by the appeal as follows:

1. Did the Circuit Judge commit error in refusing motion of the defendant Hattie Hindman to bring in additional parties?

2. Was it error on the part of the Circuit Judge to grant motion of plaintiff to strike certain portions from answer of defendant Hattie Hindman?

The determination of the first question automatically determines the second. If these additional parties are not to be brought in, then the cross-complaint has no place in the answer. It sets up no defenses that are not already set up elsewhere in the answer. If these additional parties are to be brought in, then this cross-complaint would be appropriate and should remain.

It is to be observed that these parties who are sought by Mrs. Hindman to be brought in do not have any interest in the note and mortgage, nor do they have any interest in the mortgaged premises. Should the Court in this proceeding conclude that the mortgage should be foreclosed and the mortgaged premises sold, the appearance of these additional parties as parties to this proceeding would not be necessary in order to enable the Court to give good title upon such sale. The appellant, however, urges as her chief reason for bringing in of these additional parties that in the event the Court in this proceeding should declare this note and mortgage void, the plaintiff may then call upon the Chicora Bank to take up this note and mortgage, and that the defendant would then be met with another foreclosure proceeding of said mortgage in the hands of Chicora Bank. This position, however, is unsound, for the reason

that should the note and mortgage be declared void in the present proceeding and thereafter reassigned by the plaintiff to the Chicora Bank, the Chicora Bank would be in privity with the plaintiff and be bound by the adjudication in this present proceeding. 34 Corpus Juris, 1009; *Columbia National Bank v. Arthur,* 154 S. C., 147, 151 S. E., 274. The appellant further suggests that should this mortgage be adjudged void in the present proceeding, by operation of law it would automatically become the property of the Chicora Bank without a reassignment. Even if this were true, however, the Chicora Bank would still be bound by the adjudication in this present proceeding. *Chew v. Brumagen,* 13 Wall., 497, 20 L. Ed., 663.

Section 409 of our Code provides that the Court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others or by saving their rights, but when a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in. We have examined the pleadings carefully, and we find no issues with or rights suggested in parties who are not already parties to this proceeding and whose rights must be ascertained and settled before the rights of the parties to this suit can be determined. If there were any such, then it would be the imperative duty of the Court to order such persons to be made parties before further progress in the action.

This Court has often stated, however, that the bringing in or the retaining of parties in suits in equity is left very much to the discretion of the trial Judge. *Murray Drug Company v. Harris,* 77 S. C., 410, 57 S. E., 1109. This discretion on the part of the trial Judge must be guided by principle and not exercised on grounds and for reasons clearly untenable. A careful study of the record in this case fails to reveal an abuse of discretion on the part of the trial Judge in refusing to bring in these additional parties, and fails to reveal that the rulings of the trial

Judge have been made upon grounds and reasons clearly untenable.

All exceptions, therefore, are overruled, and the orders appealed from are hereby affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE PHILIP H. STOLL concur.