87 U.S. 543
 22 L.Ed. 422
 20 Wall. 543
 EXPRESS COMPANY
v.
WARE.
 October Term, 1874
 
 ERROR to the Circuit Court for the District of Nebraska; the case being thus:
 The Code of Nebraska bars actions upon contract in five years. The defendant's absence from the State is not, however, to be computed. But in the case of a foreign corporation, if it has a managing agent in the State, service of the writ may be made upon such managing agent.*
 These provisions of the code being in force, Ware delivered, on the 29th of September, 1864, and during the late rebellion, to the United States Express Company a quantity of gold, to be carried by it from Nebraska City to New York. The company by its receipt undertook to carry the gold, but exempted itself from any loss by 'the acts of the enemies of the government, or insurrections, or any of the dangers incident to a time of war.'
 The company carried the gold on the Hanibal and St. Joseph Railroad, which crosses the north part of Missouri.
 At the time when this gold was delivered, that part of Missouri was in a high state of commotion with the rebellion, rebels being nearly as numerous as loyal persons, and of equal or greater activity. In the course of the transit upon the railroad just mentioned, a body of eighty armed rebels, on the 3d of October, 1864, fired into the train of cars, and stopped and robbed it, carrying off this gold.
 Hereupon, on the 27th of February, 1870—more than five years after the loss—Ware sued the express company, serving the writ upon a managing agent of it, and alleging that the route at the time of the transportation was unsafe; that the express company was guilty of negligence in carrying gold on it; and that there was, at the time, a safe and suitable route across the State of Iowa, which the company could have and ought to have used. The company set up its special contract and an exemption under it.
 Evidence was given by both sides as to the safety or danger of travel on the Hannibal and St. Joseph Railroad on and about the 3d of October, 1870. Trains, it appeared, up to that date had been running regularly, but it appeared equally that tracks had been torn up in places, that a train had been fired into as it passed and a brakeman killed, and that from the generally disturbed condition of the region, there was with many persons a greater or less degree of fear that trains would be captured.
 Evidence was also given on both sides—on the company's to show, that at the time of the loss and for some time afterwards, the company did have a 'managing agent,' and that, therefore, as suit could have then been brought by a service on him, the present action not having been brought till the 27th of February, 1870, was barred by the statute of limitations—and on the part of the plaintiff to show that there was no 'managing agent' on whom service could be made prior to the said 27th of February, when the suit was actually brought.
 The court below charged the jury:
 'If you find that the defendant had a managing agent within the State at the time of the loss, then the statute began to run from that time, and if it had such agent in the State for the next five years after the loss, then this action is barred, but otherwise it is not. In other words, to bar this action the plaintiff must have been able for five years before suit brought to have sued the defendant in this State, and compelled it to answer the suit by a service upon a managing agent therein.'
 Verdict and judgment having been given for the plaintiff the express company brought the case here, assigning for error——
 1. That the evidence of negligence did not support the verdict.
 2. That the action was barred by the statute of limitations, and that the court erred in its instruction on that point.
 Mr. J. M. Woolwarth, for the plaintiff in error; Mr. Clinton Briggs, contra.
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 1
 We see no error in the charge, and cannot examine the evidence to ascertain whether the jury was justified in finding as it did upon the issues of fact.
 
 
 2
 JUDGMENT AFFIRMED.
 
 
 
 *
 Revised Statutes of Nebraska, 395, 396, 404.