[No. 738.]

## DAVID P. BARSTOW, RESPONDENT, *v.* THE UNION CONSOLIDATED SILVER MINING COMPANY, APPELLANT.

FOREIGN CORPORATION CANNOT PLEAD STATUTE OF LIMITATIONS—STARE DE-
CISIS.—The rule that a foreign corporation cannot plead the statute of
limitations, either in personal or real actions, has been settled for six
years by the decision of this Court in *Robinson* v. *The Imperial Silver
Mining Company*, 5 Nev. 74; and having become a rule of property, is
adhered to upon the doctrine of *stare decisis*.

APPEAL from the District Court of the Second Judicial
District, Ormsby County.

This was an action of ejectment brought by plaintiff to
recover an undivided interest of fifteen feet in a certain
mining claim on the Comstock lode. The complaint, after
alleging that the defendant is a corporation duly organized
and existing under and by virtue of the laws of the State
of California, contains the usual allegations in actions of
ejectment. The defendant filed an answer setting up the
statute of limitations as a bar to the action. No denial was
made of any of the allegations in the complaint. The
plaintiff interposed a demurrer to the answer, on the ground
that defendant, being a foreign corporation, could not plead
the statute of limitations. The court sustained the demur-
rer, and gave judgment for plaintiff. Defendant appeals.

*Garber & Thornton and Delos Lake*, for Appellant.

*T. W. Healy*, for Respondent.

By the Court, HAWLEY, C. J.:

In *Robinson* v. *The Imperial Silver Mining Company*, it
was decided, after a thorough argument by able counsel,
that a foreign corporation could not plead the statute of
limitations, and after a full discussion of the identical points
involved in this case, the court there held that the expres-

sion " cause of action," as used in section 21 of the statute of limitations, applied to real estate as well as to personal actions. (5 Nev. 74.)

It is sought by this appeal to have that case overruled. We are decidedly of the opinion that it should be sustained. The decision established a principle under which the rights of parties to real property have become involved. Since it was rendered, four sessions of the legislature—a body that has the power to enact provisions over the entire subject of limitation of actions—have been held, and the construction given in the decision has been by that body constantly adhered to.

The plaintiff in this case—and other parties having similar rights—may have deferred commencing suit, relying upon the correctness of that decision. To overrule it now would certainly work great injustice to such litigants.

It is essential that there should be some stability in the decisions under which rights of property have been acquired. If such decisions were to be overturned and made to ebb and flow so as to suit the taste, please the fancy, and conform to the opinion of the judges, with every change in the court, it would soon shake the public confidence in the judiciary, and have a tendency to throw doubt and distrust upon the administration of the law.

The rule that a foreign corporation cannot plead the statute of limitations, either in personal or real actions, has been settled for six years by a decision of this Court, acquiesced in by the legislature, and having become a rule of property it ought to be sustained, regardless of any opinion we might entertain upon the subject if it was an open question.

For these reasons we decline to review the decision in *Robinson* v. *The Imperial S. M. Co.*, but adhere to it upon the doctrine of *stare decisis.*

The judgment of the district court is affirmed.