TAYLOR v. UNION PAC. R. CO.

(Circuit Court, D. Nebraska. June 11, 1903.)

No. 114.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—LIMITATION.

The decision of the Supreme Court of a state with respect to the right of a foreign corporation to plead the state statute of limitations is binding on a federal court sitting within the state.

2. LIMITATIONS—NEBRASKA STATUTE—ACTIONS BARRED BY LAWS OF ANOTHER STATE.

Under Code Civ. Proc. Neb. § 18, which provides that all actions which have been barred by the laws of any other state or territory shall be deemed barred under the laws of that state, a transitory cause of action against a foreign corporation, which has become barred under the laws of the state in which it arose, is barred in Nebraska.

3. SAME—PLEADING—FOREIGN CORPORATIONS.

To entitle a corporation to the benefit of the statute of limitations of a state other than that of its creation, it must affirmatively appear from the pleadings that it maintained an agent in such state upon whom service of process could have been made during the time necessary for the action to become barred.

At Law. On demurrer to answer pleading the statute of limitations.

Nelson C. Pratt, for plaintiff.

John N. Baldwin, Edson Rich, and W. R. Kelley, for defendant.

MUNGER, District Judge. This is an action to recover for an alleged injury to plaintiff while a passenger upon the defendant's road. The petition alleges that the defendant is a corporation organized and existing under and by virtue of the laws of the state of Utah; that it was and is operating a line of railroad from Council Bluffs, Iowa, to and through Fremont, Neb. The petition further alleges that plaintiff was a passenger, and as such sustained certain injuries by reason of the negligence of the defendant at Council Bluffs, Iowa, on the 23d day of October, 1900, and for her damage by reason of such injuries she prays judgment.

Defendant has filed an answer admitting the incorporation of defendant, the operation of its line of road, and that it was a common carrier of passengers, as alleged. It denies any negligence, and pleads a statute of Iowa requiring actions of this character to be brought within two years from the time the cause of action accrued, and alleges that plaintiff's petition shows the accident to have occurred on the 23d day of October, 1900, and that this suit was commenced on the 14th day of February, 1903, more than two years subsequent to the date of the injury. To this defense of the statute of limitations plaintiff has interposed a general demurrer.

While the authorities are not uniform as to the right of a foreign corporation to avail itself of the statute of limitations, that it may do so in this state was decided by the Supreme Court in O'Connor

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

See Courts, vol. 13, Cent. Dig. §§ 962, 983.

v. Ætna Life Insurance Co. (Neb.) 93 N. W. 137, provided that during all of the time in which it is claimed the statute ran such foreign corporation has had within the state an agent upon whom service of process might be had and a personal judgment obtained. The decision of the highest court in the state in this regard is to be followed by the federal court. Tioga R. Co. v. Blossburg, 20 Wall. 137, 22 L. Ed. 331; Mining Co. v. Taylor, 100 U. S. 37, 25 L. Ed. 541; Balkam v. Woodstock Iron Co., 154 U. S. 177, 187, 14 Sup Ct. 1010, 38 L. Ed. 953, and cases cited.

The cause of action in this case being a transitory one, the law of Nebraska as to the statute of limitations applies and controls. By the statute of Nebraska the period within which this action might have been brought is four years. Section 18, however, of the Code of Civil Procedure, is as follows:

"All actions or causes of action which are or have been barred by the laws of this state, or any state or territory of the United States, shall be deemed barred under the laws of this state."

By this section, if the present action was barred by the laws of Iowa prior to the commencement of the action in this state, then such bar of the statute is available to the defendant. Hower v. Aultman, 27 Neb. 251, 42 N. W. 1039; Webster v. Davies, 44 Neb. 301, 62 N. W. 484. The Supreme Court of Iowa, in Wall v. Chicago & N. W. Railroad Co., 69 Iowa, 498, 29 N. W. 427, construes the statute of limitations of that state as available to a foreign corporation if such corporation transacts business within the state, and has during the period of the statute maintained an agent within the state upon whom service of process can be made. Such being the law of Iowa, it is clear that the statute of Iowa commenced to run at the date of the injury, and continued to run and was barred by the law of that state in two years thereafter, provided the defendant did business and maintained within the state an agent upon whom process could be served.

To entitle a corporation to the benefit of the statute of limitations of a state other than that of its creation, it must affirmatively appear that it maintained an agent upon whom service of process could be made within the state whose statute of limitations ran and barred the cause of action. No such allegation appears in the answer in this case, nor does it appear from the plaintiff's petition. All that appears is that at the time of the injury as well as at the time of bringing the suit it operated its line of road from Council Bluffs, Iowa, to Fremont, Neb. We might presume, perhaps, from this allegation that its line of road was so operated continuously during said period; but the mere fact that it operated its line of road will not warrant the court in inferring that it maintained within the state of Iowa during all of said period an agent upon whom service of process could be made. That is a question of fact to be submitted to the jury (United States Express Co. v. Ware, 20 Wall. 543, 22 L. Ed. 422), and should be pleaded to give the party the benefit of the statute. While the presumption may exist that a corporation organized under the laws of a given state has a legal habitation there, and that service of process could be made within that state, no such presumption arises as to a foreign corporation.

For the reason that the pleadings in this case do not show that for a continuous period of two years subsequent to the date of the injury the defendant maintained an agent within the state upon whom process could be served, the plea of the statute of Iowa is unavailing, and for that reason the demurrer is sustained.