[Civ. No. 328. First Appellate District.—July 10, 1907.]

S. W. JONES, Respondent, v. J. W. EVANS, Appellant, and DOMESTIC SEWING MACHINE COMPANY, Codefendant.

ACTION ON NOTES AGAINST MAKER—ALLEGED INDORSEMENT BY CORPORATION PAYEE BEFORE MATURITY—EVIDENCE.—In an action on notes indorsed to plaintiff before maturity by an alleged corporation payee, brought against the maker, it is not necessary for the plaintiff to prove the corporate existence of his indorser.

ID.—AUTHORITY OF VICE-PRESIDENT OF SEWING MACHINE COMPANY—REQUESTED INDORSEMENT BY PLAINTIFF—DISCOUNT—ESTOPPEL.—Where the notes were indorsed by the defendant sewing machine company by its vice-president, at whose request plaintiff indorsed the notes, which were discounted for the benefit of the sewing machine company, whether it be a corporation or not, it is estopped to deny the authority of its vice-president to indorse the notes, and where the maker failed to pay the note, the plaintiff, who was compelled to take them up, may enforce them against the maker.

Id.—Pledge of Securities to Plaintiff—Right of Personal Action
 Against Maker.—The fact the sewing machine company pledged
 securities to the plaintiff cannot affect his right of personal ac-
 tion against the maker, though the collateral securities are still
 held, in the absence of any statute or stipulation to the contrary.

Id.—Want of Consideration—Indorsement Before Maturity for
 Value — Presumption — Proof — Striking Out Evidence. — As
 against evidence of want of consideration by the maker, the pre-
 sumption is that the indorsement to plaintiff was before maturity
 and for value, and where the plaintiff so testified, the evidence of
 the maker was properly stricken out.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. A. Powell, Geo. R. Williams, and W. A. Dow, for Ap-
pellant.

Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

KERRIGAN, J.—This is an action on two promissory
notes, made by J. W. Evans, payable to the order of the
Domestic Sewing Machine Company.   That company, before
maturity, indorsed these notes, and delivered them to plain-
tiff.   Thereafter, and before maturity, both notes were in-
dorsed by plaintiff and discounted at certain banks.   Defend-
ants failed to meet these notes when they fell due.   They
were duly protested, and the plaintiff was compelled to pay
the amounts due thereon.   Defendants failed to reimburse
plaintiff for such payment, and this action was brought.   A
trial was had only against the defendant Evans.   Process
was not served on the other defendant.   The cause was tried
by the court, sitting without a jury, and judgment was en-
tered in favor of plaintiff.   This appeal is from the judgment
entered against defendant Evans, and from the order deny-
ing his motion for a new trial.

1.   It is alleged in the complaint in the usual form that the
Domestic Sewing Machine Company was a corporation.   Ap-
pellant urges that there is no evidence that the company ever
organized, or acted as a corporation.   As we have seen, this
is an action against the defendant Evans, the maker of the
notes, and so far as his liability on these notes is concerned

the corporate existence of the defendant Domestic Sewing Machine Company is absolutely immaterial. In other words, a perfect cause of action in favor of respondent as against the appellant Evans is set forth in the complaint without regard to the allegation concerning the corporate capacity of the defendant Domestic Sewing Machine Company. (*Crocker-Woolworth Nat. Bank* v. *Carle,* 133 Cal. 409, [65 Pac. 951].)

2. The indorsement on each note reads: "Domestic Sewing Machine Company by David Blake, Vice-President." Appellant asserts that there is no showing that David Blake had authority to make these indorsements. The evidence discloses that both notes were indorsed by respondent at the request of David Blake; that after being so indorsed they were discounted, and all moneys received by reason of such discounting were transmitted to the Domestic Sewing Machine Company and received by it, or else paid out under specific directions in discharging some of its obligations. Again, as part of his own case, appellant read in evidence a portion of the deposition of respondent, wherein he testified that he had an agreement with the Domestic Sewing Machine Company, in which it agreed to pledge with him certain assets of the company to secure him from liability for indorsing, among others, the notes involved herein. This agreement was signed "Domestic Sewing Machine Company by David Blake, Vice-President." The evidence further shows that, pursuant to this agreement, the Domestic Sewing Machine Company did deliver to respondent some of its assets and securities. Whether it was a copartnership, corporation or unincorporated association, it accepted and retained the benefits of the indorsement of its name upon the notes by David Blake, vice-president, and upon the faith of these indorsements it procured the indorsement of the respondent. According to well-established principles of law it could not accept the benefits derived from the indorsement of said notes by Blake, and at the same time repudiate his authority to make such indorsement.

3. Appellant contends that the respondent was bound to apply the collateral securities held by him to the payment of the notes before bringing suit thereon. It appears from the testimony that the respondent Jones indorsed and procured to be indorsed promissory notes for the Domestic Sewing Machine Company, to the extent of over $200,000, other than those described in the complaint. In order to secure the respondent

Jones from liability upon these notes, an agreement was entered into between Jones and the Domestic Sewing Company, by virtue of which, subject to the claims of one Sutherland, it assigned and transferred to the respondent, and his indorsers, the entire proceeds of a certain territory in which it did business. The contract also provided that in the event of the failure to meet these notes, the assets were to be collected, sold and reduced to cash, and the proceeds applied toward the payment of the notes. It appears from the evidence that respondent had paid a number of other promissory notes, indorsed by him, for the company after the notes had been protested, and that he had collected about $19,000 net under this agreement. The evidence also disclosed that a bill in equity had been filed by one Sutherland against the respondent, claiming said assets, and that no part of the balance of the moneys on hand could be applied to any particular note or claim until after the litigation now pending as to the ownership of the assets had been fully settled, and then only in the event that the respondent prevailed.

This agreement constituted a pledge of the property described, as collateral security for the notes indorsed and which were procured to be indorsed by respondent. (Civ. Code, secs. 2986, 2987; *Sonoma Valley Bank* v. *Hill*, 59 Cal. 109.) In this last-mentioned case it is said: "It is well settled that, in the absence of a statute or stipulation to the contrary, the possession of the pledged property does not suspend the right of the pledgee to proceed personally against the pledgor for his debt, without selling the pledge, for the reason that the security is only collateral. It has been repeatedly so held" (citing a number of cases).

In *Ehrlick* v. *Ewald*, 66 Cal. 97, [4 Pac. 1062], the supreme court uses this language: "The court below found that defendant was indebted to plaintiff for money loaned, to secure the payment thereof defendant had delivered to plaintiff certain personal property, which property is still held by plaintiff, who had taken no steps to subject the same to sale for the payment of the debt. The action has been brought to recover the amount due with interest. The defendant insists that according to section 726, Code of Civil Procedure, the action cannot be maintained; that the plaintiff must first seek to foreclose his lien before he can have an independent action for money. This view was taken by the court below, in refusing

judgment for plaintiff on the findings, and in rendering judgment for defendant." And after quoting from various sections of the code the court proceeds: "We find nothing which will prevent a pledgee from having his action to recover the debt, without first exhausting the subject of his pledge. . . . The plaintiff was entitled to his judgment for the amount stated in the findings, with interest."

In *Commercial & S. Bank* v. *Hornberger*, 140 Cal. 16, [73 Pac. 625], the supreme court again stated: "The pledgee may recover the amount of his debt from the debtor by an independent suit without foreclosing the pledge."

To the same effect is *Farmers' & Merchants' Bank* v. *Copsey*, 134 Cal. 287, [66 Pac. 324].

4. Appellant testified that he was paid no consideration for these notes, but there is no showing that respondent knew this. In the absence of evidence to the contrary the presumption of law is that the notes were indorsed before maturity and for a valuable consideration. (Civ. Code, sec. 3104.) Again, the uncontradicted evidence of respondent was that the notes had been indorsed to him before maturity. The action of the court in striking out this testimony of the appellant was correct, for it constituted no defense.

5. Appellant's motion for nonsuit was denied, and in addition to this ruling he complains about the admission of certain evidence. These matters, so far as they merit attention, have been fully discussed in what we have already said, and they need no further elaboration.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 5, 1907.