[Civ. No. 479.   Third Appellate District.—November 7, 1908.]

## RICHARD O'BRIEN, Respondent, v. BIG CASINO GOLD MINING COMPANY, Appellant.

FOREIGN CORPORATION—ACTION BY MINING SUPERINTENDENT FOR SERVICES—STATUTE OF LIMITATIONS—DESIGNATION FOR SERVICE NOT SHOWN—FINDING AGAINST PLEA.—When the pleadings in an action by a mining superintendent against a foreign corporation for his services admit that it is such, and the statute of limitations is pleaded by it, in the absence of proof that it has filed with the Secretary of State the designation of a resident on whom process may be served, the court was not only justified, but required, to find against the foreign corporation on such plea.

ID.—NONRESIDENCE—SAVING CLAUSE OF STATUTE—COMITY—PROOF OF COMPLIANCE WITH STATUTORY CONDITIONS ESSENTIAL.—A foreign corporation is deemed a resident only of the state in which it is created, and therefore a nonresident of this state within the saving clause of the statute of limitations as to nonresidents, unless the contrary is made to appear. It may do business in this state by comity, but cannot avail itself of the bar of the statute, except by strict proof of compliance with the conditions of the statute per-

mitting it to do so at the trial of a case in which it is pleaded; otherwise limitation does not run.

ID.—NEW TRIAL ON GROUND OF SURPRISE—INFORMATION BEFORE DECISION—DISCRETION OF COURT—TECHNICAL PROOF NOT IN FURTHERANCE OF JUSTICE.—The court did not abuse its discretion in refusing to grant a new trial on the ground of surprise, to allow technical proof of compliance with the statute, after failure of proof at the trial, where it appears that defendant's counsel was informed of the necessity of such proof before the decision at the trial, and made no effort to reopen the case; and where to reopen it would be to allow proof not addressed to the merits and not in furtherance of justice.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, and H. M. Street, for Appellant.

E. W. Holland, for Respondent.

HART, J.—The plaintiff brought this action to recover the sum of $500, alleged to be due him from the defendant, on an account stated, for services performed in the capacity of superintendent of the mining operations of the corporation.

The answer, after denying the alleged indebtedness, sets up as a special defense the bar of the statute of limitations (Code Civ. Proc., sec. 339), and also the further defense that, by reason of the alleged carelessness and negligence of the plaintiff as superintendent of defendant's properties, the latter suffered the loss, through robbery, of the product of a pocket of gold found in defendant's mine, of the alleged value of more than $3,000, and that defendant had therefore sustained damages in the sum of $3,000 because of such alleged carelessness and culpable negligence of plaintiff.

The last-mentioned defense was not pressed at the trial, no evidence having been offered in its support, and therefore further consideration of the same may be dismissed.

The cause was tried by the court, a jury having been waived by both parties, and judgment awarded the plaintiff for the sum sued for.

This appeal is from the judgment and order denying the defendant a new trial.

The principal point urged by the appellant on this appeal is that the respondent's right of action was, at the time of the filing of his complaint, barred by the provisions of section 339 of the Code of Civil Procedure, prescribing a limitation of two years within which an action may be commenced upon a contract, obligation or liability not founded upon an instrument of writing, etc. No serious effort, which could properly be interposed under the issues tendered by the pleadings, seems to have been made to dispute the validity and correctness of plaintiff's claim.

The contention of the plaintiff, in response to the special plea in bar, is twofold, to wit: First—That the defendant rendered to the plaintiff an account stated in writing before the same or the original account from which the account stated originated was barred by the statute. Secondly—That the defendant, being a foreign corporation doing business in this state, failed to show at the trial that it had filed with the Secretary of State a designation of some person residing within the state upon whom process issued by authority of or under any law of this state may be served (Civ. Code, sec. 405), and that, therefore, the defendant cannot invoke the benefit of the laws of this state limiting the time for the commencement of civil actions. (Civ. Code, sec. 406.)

We think the second point made by the respondent is a conclusive answer to appellant's contention that the finding of the court against the defendant's plea of the statute of limitations is unwarranted and unsustained by the record.

The complaint alleges that the defendant "was and now is a corporation duly organized and existing under the laws of the State of Washington, and transacting and carrying on business in the County of Tuolumne, State of California." The answer expressly admits said allegation to be true.

Under the terms of section 405 of the Civil Code it was, as already indicated, the duty of the defendant, as a foreign corporation, to file with the Secretary of State a designation of some person residing within the state upon whom process issued by authority of or under any law of this state may be served, and that failure to do as thus required deprives it, under the provisions of section 406 of said code, of the right to

invoke or claim any benefit under the statute of limitations of this state. Therefore, the defendant having failed to produce any proof addressed to that point, the court below was not only justified in finding, but required to find, against it on the plea of the statute. (*Pierce* v. *Southern Pacific Co.*, 120 Cal. 156 et seq., [47 Pac. 874, 52 Pac. 302].) In that case, referring to the provisions of sections 405 and 406 of the Civil Code, the supreme court says: "It being admitted that defendant was a corporation organized under the laws of another state, compliance with the foregoing statute *became a necessary fact to be proven as a predicate to its right to avail itself of the benefit of the statute of limitations.* (Italics ours.) This it failed to do, and hence the court did not err in its finding against its defense of the statute of limitations. . . . The statute, then, is not a limitation upon the right of foreign corporations to avail themselves of our statute of limitations, but it confers that right, subject only to the condition prescribed."

It may be stated as a general rule that foreign corporations may, by comity only, transact business in states other than the one by virtue of the laws of which they exist. They are, therefore, citizens, so to speak, of the state by whose laws they are created, and, except by comity, have no legal existence elsewhere, and consequently, they in principle come within the provisions of those statutes which make a saving as to absent debtors, in favor of whom, so long as they remain from without the jurisdiction of the state, the law of limitations does not run. (Wood on Limitations, sec. 250.) The consequence of this rule is, as before declared, that foreign corporations, when attempting to claim the benefit of our statute of limitations, are required, as a necessary prerequisite to the exercise of that right, to not only meet the demands of the law by virtue of which alone they may avail themselves of the privilege of transacting business in this state, but must prove the fact at the trial. Omission to make such proof is, as seen, fatal to their right to claim the benefit of the statute.

The court's finding against the defendant on its special plea in bar was, therefore, sustained by the total failure of proof on this point.

On the motion for a new trial, and as one of the grounds therefor, appellant's attorney presented an affidavit, made by

himself, alleging that he was not aware, at the time of the trial, that the designation required by section 405 of the Civil Code had been filed with the Secretary of State until after the court below had rendered its decision in this action, and that "defendant and deponent, its counsel, was taken by surprise in the said point so raised by counsel for plaintiff in his brief (the cause having been, after oral argument before the trial court, submitted on briefs), and at said time, the taking of evidence in said cause having closed, the surprise was one which ordinary prudence could not have guarded against." Accompanying said affidavit, and made a part thereof, is a copy of the designation required by our statute, certified as a true copy by the Secretary of State. The appellant, after being apprised of the necessity of proof upon the point under consideration, which information was received before the court handed down its decision, made no move to have the case opened for the purpose of showing the fact of the filing of the necessary designation, the court having tried the case without a jury. This it should have done, although we do not think the refusal of the court to open up the case for that purpose would involve an abuse of discretion in a case where, as here, the only defense sought to be established is purely technical and not addressed to the merits, and consequently not in furtherance of justice, and the evidence claimed to be "newly discovered" is made by the law indispensably necessary to the establishment of such defense. For the same reason the court's order denying defendant a new trial represents the exercise of a discretion with which we may not properly interfere.

We have deemed it unnecessary to review the evidence upon the merits of the case, because, as before observed, no question is raised by appellant of its sufficiency to sustain the finding of the court that the defendant is indebted to the plaintiff in the sum for which judgment was given.

For the foregoing reasons, the judgment and order are affirmed.

Chipman, P. J., and Burnett, J., concurred.