NEVADA – DOUGLAS CONSOLIDATED COPPER COMPANY, a Corporation, Appellant, v. JAMES G. BERRYHILL, Respondent.

No. 3206

February 5, 1938.                    75 P.(2d) 992.

262

*Hawkins, Mayotte & Hawkins,* for Appellant:

*A. A. Heer,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action on a promissory note. For convenience of reference we will speak of the parties as plaintiff and defendant. Pursuant to a motion, judgment on the pleadings was rendered in favor of plaintiff for the principle sum, with interest thereon and costs, from which defendant appeals.

The complaint alleges that defendant is and at all times therein mentioned was a corporation, organized and existing under and by virtue of the laws of the State of Utah. That on the 1st day of September 1925, at Salt Lake City, State of Utah, in consideration of money theretofore loaned by plaintiff to defendant, defendant made and delivered to plaintiff its promissory note, in words and figures as follows, to wit:

"$31,517.37.              Salt Lake City, Utah,
"September 1st. 1925.

"On demand, after date, for value received, Nevada-Douglas Consolidated Copper Company, promise to pay to the order of James G. Berryhill at Salt Lake City, Utah, thirty-one thousand five hundred seventeen and .37/100 dollars in lawful money of the United States, with interest thereon in like lawful money from date

until paid at the rate of eight per cent per annum, payable at maturity, and if said interest is not so paid as it becomes due it is to be added to the principal sum and become a part thereof, and thereafter bear interest at the same rate.

> "Nevada-Douglas Consolidated
> Copper Company.
> "Henry I. Moore, President,
> "F. M. Orem, Treasurer.

"[Corporate Seal]"

The complaint further alleges that as a part of the same transaction the defendant then and there made and delivered to plaintiff the following corporate agreement in respect to said note:

"And as collateral security for the payment of note, interest thereon, and expenses that may accrue concerning same, Nevada-Douglas Consolidated Copper Company, have deposited with James G. Berryhill the following property, to-wit:

"Bonds of the Nevada-Douglas Consolidated Copper Company, as follows:

#4406 to #4425–20–@ $1,000.00=$20,000.00
#3209 to #3238–30–@   1,000.00=  30,000.00

"And should the said note, or any part thereof, or interest, remain unpaid after it should have been paid, according to the terms of said note, the Nevada-Douglas Consolidated Copper Company hereby irrevocably authorizes said James G. Berryhill, or his assigns, to sell the above described property, or any part thereof, at public or private sale, with or without previous notice to the Nevada-Douglas Consolidated Copper Company of such sale, and apply the proceeds thereof in payment of the costs and charges of such sales, all interest due upon said note, and the unpaid principal; the balance, if any, to be paid to Nevada-Douglas Consolidated Copper Company, or its representatives, upon demand.

"In case of fall in the market value of any of said securities —— promise to reduce the amount of said

note, or to increase the security in proportion to such decrease of value, in default of which said note shall be considered and treated as immediately due and payable, anything in said note to the contrary notwithstanding. In case of the payment of the above note, principal and interest, according to the terms thereof, the above described securities shall be returned to the Nevada-Douglas Consolidated Copper Company.

> "Nevada-Douglas Consolidated
> Copper Company
> "Henry I. Moore, President,
> "Attest: F. M. Orem, Secretary.

"[Corporate Seal]"

The complaint also alleges that no demand for payment of said note was made upon the defendant before or until the 4th day of August 1932; that on that date plaintiff made demand upon the defendant for the payment of said note, together with interest thereon; that neither the principal of said note, interest thereon, nor any part of either thereof has been paid, but the same now remains wholly due, owing, and unpaid from defendant to plaintiff.

Defendant interposed a demurrer to the complaint on the ground, among others, that the alleged cause of action is barred by the statute of limitations.

The demurrer was overruled and defendant answered. The answer admits the execution and delivery of the note and collateral agreement; that plaintiff is the owner and holder of the note; that it is unpaid in either principal or interest, but denies the alleged demand; and that the principal or interest or any part of either is due, owing, and unpaid from defendant to plaintiff.

The answer alleges that the cause of action alleged in the complaint is barred by the statute of limitation. As a further defense, the answer alleges that the said note is secured by the bonds described in the complaint and that plaintiff has a lien upon said bonds, which bonds

in turn are secured by a trust deed upon the real property of said defendant. That said bonds are of a greater amount than the amount of said note and interest thereon and that therefore plaintiff is barred and precluded from bringing any action except in accordance with the provisions of section 9048 of the Compiled Laws of Nevada. No reply was filed.

Defendant assigns as error the overruling of the demurrer. The ground insisted on is that it appears on the face of the complaint that the action is barred by the statute of limitations of this state. The facts claimed to disclose that the action is so barred are that the note sued on is payable "on demand after date" made on September 1, 1925, and the complaint filed on August 5, 1932. It is argued that such a note is payable the day after the date of its execution and not from the date of demand. The right to raise such a defense by demurrer when it appears on the face of the complaint must be conceded. N. C. L. sec. 8596; State v. Yellow Jacket S. M. Co., 14 Nev. 220. But in this case it also appears on the face of the complaint that defendant is a foreign corporation. The demurrer admits this allegation. It is the settled rule in this state that a foreign corporation may not avail itself of the statute of limitations. N. C. L. sec. 8532; Robinson v. Imperial S. M. Co., 5 Nev. 44; State of Nevada v. Central Pac. R. Co., 10 Nev. 47; Barstow v. Union Consol. S. M. Co., 10 Nev. 386; Sutro T. Co. v. Segregated Belcher M. Co., 19 Nev. 121, 7 P. 271. An exception to this rule provided by statute will be hereinafter discussed.

As it appeared on the face of the complaint that the defendant was a foreign corporation and not within said exception, the demurrer was properly overruled.

Defendant also assigns as errors the granting of the plaintiff's motion for judgment on the pleading, and in entering judgment. One of its contentions in this regard is that the plea of the statute of limitations set up in the answer as an affirmative defense was admitted

to be a bar to the action by the failure to reply. In support of this contention we are referred to N. C. L. sec. 8614, which reads in part:

"If the plaintiff fails to demur or reply to the new matter, contained in the answer, constituting a defense, the same shall be deemed admitted."

■ The statute of limitations to be effective as a defense must be well pleaded. The answer merely alleges the bar of the statute and refers to the sections of N. C. L. relied on. This is not sufficient, at least in the instant case. The complaint alleges and the answer admits that defendant is a foreign corporation. But before such defense could have been completely set up, the defendant must have shown by appropriate allegations compliance with the provisions of an act of the legislature enacted in 1907, N. C. L. sec. 1848. This act, as amended, reads:

"Every foreign corporation doing business in the State of Nevada is, and shall be, entitled to the benefit of the laws of this state limiting the time for the commencement of civil actions; provided, such corporation shall maintain and keep in the state a resident agent, who may be either an individual or a domestic corporation, upon whom process may be served, and also shall file a certified copy of its articles of incorporation, and any amendment or amendments thereto, as required by the laws of this state; and provided further, that the benefit of this act shall be suspended during any period or periods when said corporation is in default in complying with the said requirements; nor can any such corporation maintain any action or proceeding in any court of this state while so in default." Chapter 28, Stats. 1933, p. 24.

The right of foreign corporations to avail themselves of the statute of limitations is subject to the conditions prescribed in the foregoing act.

The failure to prove compliance with a similar statute was held fatal to the right of a foreign corporation to

make such defense in Pierce v. Southern Pacific Company, 120 Cal. 156, 47 P. 874, 875, 52 P. 302, 40 L. R. A. 350, and in O'Brien v. Big Casino Gold Mining Co., 9 Cal. App. 283, 99 P. 209. In the former case the court said:

"It being admitted that defendant was a corporation organized under the laws of another state, compliance with the foregoing statute became a necessary fact to be proven as a predicate to its right to avail itself of the benefit of the statute of limitations."

■ A fact necessary to be proven is equally necessary to be alleged.

The question here presented was passed upon in Taylor v. Union Pac. R. Co., C. C., 123 F. 155, 156. The court said:

"To entitle a corporation to the benefit of the statute of limitations of a state other than that of its creation, it must affirmatively appear that it maintained an agent upon whom service of process could be made within the state whose statute of limitations ran and barred the cause of action. No such allegation appears in the answer in this case, nor does it appear from the plaintiff's petition. * * * That is a question of fact to be submitted to the jury (United States Express Co. v. Ware, 20 Wall. 543, 22 L. Ed. 422), and should be pleaded to give the party the benefit of the statute. * * * For the reason that the pleadings in this case do not show that for a continuous period of two years subsequent to the date of the injury the defendant maintained an agent within the state upon whom process could be served, the plea of the statute of Iowa is unavailing, and for that reason the demurrer [to defense of statute of limitations] is sustained."

■ True, as pointed out by counsel for defendant, the latter case was disapproved by the court in Baltimore & Ohio R. Co. v. Reed, 6 Cir., 223 F. 689, but this ruling was put upon the ground that a foreign corporation was not a nonresident within the meaning of a

statute prescribing that the time during which a person against whom a cause of action has accrued is absent from the state is not to be taken as any part of the time limited for the commencement of an action. This court, however, is committed to the opposite view that such a corporation is within the meaning of a statute which provides:

"If, when the cause of action shall accrue against a person, he be out of the state, the action may be commenced within the time herein limited after his return to the state; and if after the cause of action shall have accrued, he depart the state, the time of his absence shall not be part of the time prescribed for the commencement of action." N. C. L. sec. 8532; Robinson v. Imperial S. M. Co., and Barstow v. Union Consol. S. M. Co., supra.

■■ In the latter case the rule was adhered to on the doctrine of stare decisis. It must be presumed that this construction was within the knowledge of the legislature when it enacted the law embraced in N. C. L. sec. 1848 and amendment. Hence it is reasonable to believe that that body intended by its enactment to extend to such foreign corporations and to those only as would subject themselves to our law as therein prescribed, the right to avail themselves of the statute of limitations. The distinction counsel for defendant seeks to make between a nonresident and a person absent from the state is of no importance. Nor is it of any importance that respondent did not demur to the defense of the statute. A motion for judgment is in the nature of a demurrer. Southwest Cattle Loan Co. v. Nevada Packing Co., 53 Nev. 55, 292 P. 587; 11 Ency. Pl. & Pr. 1046; 49 C. J. 668.

As the plea of the statute of limitations in the answer was fatally defective by reason of the fact that it did not affirmatively appear from such pleading that defendant had complied with the provisions of section 1848 N. C. L., there was no admission of the defense by

the failure to reply. The court therefore did not err as to this phase of the case.

It follows from what we have held that it is unnecessary to determine when the debt evidenced by the note matured; whether on the day after its execution or on the date of demand alleged by plaintiff. In either event, the defendant was deprived of the benefit of the statute of limitations.

But it is contended that the court erred in granting judgment on the pleadings in the presence of defendant's affirmative defense of a lien upon the bonds which constituted ample security for the note. This is so, it is said, by reason of section 9048 N. C. L., which declares:

"There shall be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage or lien upon real estate, or personal property, which action shall be in accordance with the provisions of this chapter."

Defendant argues that in the absence of a showing that the bonds described in the complaint and answer are valueless, defendant's remedy as declared by that statute is exclusive. Does the statute preclude a direct action for the debt? The bonds given in this case as collateral security constitute a pledge. Notwithstanding his security, a pledgee has a right to proceed personally against the pledgor for the whole debt, in the absence of an agreement or statute to the contrary. The rule is thus stated in Sonoma Valley Bank v. Hill, 59 Cal. 107:

"Now it is well settled that in the absence of a statute or stipulation to the contrary, the possession of the pledged property does not suspend the right of the pledgee to proceed personally against the pledgor for his debt, without selling the pledge, for the reason that the security is only collateral."

In Story on Bailments, sec. 315, pp. 268, 269, the author says:

"The possession of the pawn does not suspend the right of the pawnee to proceed personally against the pawnor for his whole debt or other engagement without selling the pawn, for it is only a collateral."

Modern authorities adhere to the rule, which is thus stated in 1 C. J. S., Actions, p. 1388:

"A right of action on the principal debt is not suspended or postponed by the taking of collateral security, unless exhaustion of the security before maintaining such suit is required by statute or agreement."

See Commercial Savings Bank v. Hornberger, 140 Cal. 16, 73 P. 625; Jones v. Evans, 6 Cal. App. 88, 91 P. 532; First Nat. Bank v. Poling, 42 Idaho 636, 248 P. 19; Rock Island Plow Co. v. Cut Bank Implement Co., 101 Mont. 117, 53 P. (2d) 116; Harper v. Grand Prairie First State Bank, Tex. Civ. App., 3 S. W. (2d) 552; Thompson v. Montgomery Fourth Nat. Bank, 214 Ala. 452, 108 So. 69; Stern, State Supt. of Banks, v. McDonald, 47 Cal. App. 79, 190 P. 221; 21 R. C. L. p. 685.

The pleadings show no stipulation taking the right of action of a pledgee out of the general rule, and, in our opinion, there is no statute to that effect.

The term "pledge" does not appear in section 9048 N. C. L., relied upon. Its operation is confined solely to "mortgage or lien." It is not contended that the term "mortgage" was meant to include a pledge. It is said to be within the meaning of the term "lien." If the term "lien" was employed in such a broad sense, why was the word "mortgage" stated in the section, for a mortgage is an equitable lien. Southern Pacific Co. v. Miller, 39 Nev. 169, 154 P. 929. An ordinary case of lien is distinguishable from a pledge in that it gives no right of property, while a contract of pledge carries a special property in the pledge to the pledgee. This distinction was adverted to in Winnemucca State Bank & Trust Co. v. Corbeil, 42 Nev. 378, 178 P. 23, 24. The court said:

"The contract or pledge exists in law as well as equity, and that by operation of law the pledgee takes, not a lien only, which is merely a right to retain until the debt,

in respect to which the lien was created, has been satisfied, but a property — an ownership in the property pledged."

In Story on Bailments (8th ed.), sec. 311, p. 265, it is said:

"The case of pawns seems in this respect distinguishable from the ordinary case of liens; for a mere right of lien is not understood to carry with it any general right of sale to secure an indemnity. The foundation of the distinction rests in this, that the contract of pledge carries an implication that the security shall be made effectual to discharge the obligation; but in the case of a lien, nothing is supposed to be given but a right of retention or detainer, unless under special circumstances."

In view of this distinction, it seems reasonable to presume that if it had been intended to change the long-standing rule that a pledgee may sue directly for the debt, language adapted to that end would have been employed. The legislature would have been specific as to this most important subdivision of the general law applicable to bailments. This construction is strengthened when we consider section 9048, supra, in connection with section 8703 N. C. L., concerning attachment. These provisions of the civil practice act were enacted contemporaneously. In the latter section it is provided that property may be attached in an action upon a judgment or upon a contract, express or implied, for the direct payment of money, which is not secured by mortgage, lien, or pledge. Is this not a clear indication that the legislature would have likewise employed the term "pledge" in the former section if it had intended to restrict a pledgee to its terms? We are led to that view.

The case of National Bank of Commerce of Ogden v. James Pingree Co., 62 Utah 259, 218 P. 552, stressed by appellant, is not an authority on the point because the statute of Utah includes any incumbrance.

The judgment should be affirmed.

It is so ordered.

ON PETITION FOR REHEARING

April 6, 1938.

*Per Curiam:*

Rehearing denied.