574

**FAUCHIER et al. v. McNEIL CONST.
CO. et al.**

No. 656.

United States District Court
D. Nevada.

March 30, 1949.

Entenza & Gramer, Beverly Hills, Cal.,
Paul Ralli, Las Vegas, Nevada, for plaintiffs.

Bodkin, Breslin & Luddy, Los Angeles,
Cal., Lewis, Hawkins & Cannon, Las Vegas, Nevada, for defendants.

FOLEY, District Judge.

Plaintiffs' Complaint was filed August 26, 1947. Defendant McNeil Construction Co. moves to dismiss, or, in the alternative, for a more definite statement.

The Motion includes several defenses and objections as authorized by Rule 12 of Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 12 has abolished for federal courts the age-old distinction between general and special appearances. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871. The contentions of the defendant will be considered in the order in which they appear in the Motion.

■ Service of Process. Affidavits may be employed on motion to dismiss. Aralac, Inc., v. Hat Corporation of America, 3 Cir., 166 F.2d 286; Boro Hall Corporation v. General Motors Corporation, 2 Cir., 124 F.2d 822; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85. The affidavits of Leo A. McNamee and B. W. McNeil were attached to and served with the Motion to Dismiss.

The affidavit of Mr. McNamee contains the following:

"* * * that the last designation of affiant as such resident agent was, in accordance with the law of the State of Nevada, for the period July 1, 1946, to July 1, 1947, and that such designation, together with affiant's acceptance thereof, was duly filed with the Secretary of State of the State of Nevada; that upon the expiration of said designation, to wit, July 1, 1947, and at all times since said date, affiant has not been appointed or otherwise authorized by said McNeil Construction Co. to act as resident agent upon whom process could be served, or otherwise, of said corporation in the State of Nevada; that at no time since, on or after said first day of July, 1947, has affiant acted as resident agent of said corporation, nor has affiant been, at any time since, on or after said first day of July, 1947, the resident agent in Nevada of said corporation upon whom process could be served, or otherwise; that at the time the representative of the United States Marshal's office purported to serve affiant with a copy of summons and complaint in the above entitled action, to wit, on the 8th day of September, 1947, affiant did state to said representative that affiant was not the resident agent of said McNeil Construction Co.

upon whom process could be served, or otherwise."

The affidavit of Mr. B. W. McNeil, among other things, states:

"That McNeil Construction Co. is a corporation organized under the laws of the State of California, and duly qualified to transact business in the State of Nevada on or about the 1st day of July, 1941; * * *

"That although legally authorized to transact and conduct business in the State of Nevada, until the first day of July, 1947, the McNeil Construction Co. has not in fact transacted or conducted business within the State of Nevada since on or about the month of July, 1943, except for work done by approximately a half dozen accountants for the McNeil Construction Co. within the State of Nevada, from on or about the said month of July, 1943, to on or about the 14th day of September, 1944, upon which latter date the work of such accountants ceased and the McNeil Construction Co. has not transacted or conducted any business operations within the State of Nevada since such date;

"* * * that affiant is informed and believes and therefore states that each and all of the plaintiffs in the above entitled action are residents of the State of California."

■ The Supreme Court of Washington in the case of Gerrick & Gerrick Co. v. Llewellyn Iron Works, 105 Wash. 98, 177 P. 692, 694, dealing with a situation somewhat like that in the present case held:

"[5] * * * the rule prevails that where the agent has ceased to act, either by reason of death, removal from the state, revocation of authority, or as in the instant case, abandonment of the agency by the mutual consent of both principal and agent, service upon an agent theretofore named, but no longer existent, would be inoperative to confer jurisdiction."

The record discloses no formal revocation of Mr. McNamee's designation as resident agent. No Nevada statute requiring such formal revocation or no decision of the Supreme Court of Nevada on the question here involved has been called to the

Court's attention. In Forrest v. Pittsburgh Bridge Co., 7 Cir., 116 F. 357, 358, the Circuit Court of Appeals held:

"Subject to some criticism as to form and definiteness, the affidavits submitted show that, at the time of the alleged service of summons, Church did not, in fact, represent the Pittsburgh Bridge Company. This would dispose of the case, but for this argument: That a foreign corporation, having filed its certificate, in pursuance of the Illinois act naming a representative, continues to be suable in the state, by service on such named representative—irrespective of the corporation's actual withdrawal from the state, or the actual cessation of the agency—until another certificate has been filed setting forth that the person named in the previous certificate is no longer the corporation's representative.

"It would, perhaps, be competent, by apt legislation, to make this the law; but, in the absence of legislation to that end, we do not feel authorized to hold that a foreign corporation may be held to have been found in the state, when it, in fact, at the time, was not doing business in the state; or be held to be represented by an agent, who, in fact, held, at the time, no such agency. We find nothing in the Act of 1897 disclosing any such legislative intent; nor in the Act of 1899, though under certain penalties it provides for notice to the Secretary of State of any change in the name and address of the corporation's agent. or representative.

"The manifest purpose of the amendment in the Act of 1899 was to require foreign corporations, doing business in the state, to give notice of any change in the name or address of its agent; but this does not imply that such corporation may not withdraw from business in the state without having given such notice. Under what conditions a foreign corporation may withdraw has not been made the subject-matter, so far as we are advised, of any legislation whatever."

The purported service upon Leo A. Mc-Namee on the 8th day of September, 1947, was inoperative to confer jurisdiction and the defendant McNeil Construction Co. has not been properly served with process in this action.

■ On the Question of Venue. The affidavit of B. W. McNeil, above referred to, discloses that defendant McNeil Construction Co. has not transacted or conducted business within the State of Nevada since about the month of July, 1943, except for work done by approximately a half dozen accountants for the McNeil Construction Co. within the State of Nevada, which work ceased on or about September 14, 1944. The agency of Mr. Leo A. McNamee had been abandoned by the mutual consent of principal and agent prior to August 26, 1947, the date of the commencement of this action, and no agent had been appointed to succeed Mr. McNamee. Defendant McNeil Construction Co. had for some time prior to August 26, 1947, ceased to do business within the State of Nevada. At the time this action was commenced, defendant McNeil Construction Co. was entitled to invoke the provisions of 28 U.S. C.A. § 112 [now § 1391], and by the present motion has seasonably invoked that statute. Cummer-Graham Co. v. Straight Side Basket Corporation, 9 Cir., 136 F.2d 828.

■ Statute of Limitations. From the Complaint it appears that the defendant McNeil Construction Co., at all of the times mentioned in the Complaint, was engaged in the business of building a plant and facilities at Henderson, Nevada, for the purposes set forth in the Complaint, and that plaintiffs were employed by defendant McNeil Construction Co. in and about the building and construction of such plant. As we have seen from the affidavit of Mr. B. W. McNeil, no business of the McNeil Construction Co. has been transacted within the State of Nevada since July, 1943, except work of certain accountants; and that no business of any kind has been transacted in Nevada by said defendant since the 14th of September, 1944. That no work was performed or done by plaintiffs after the month of July, 1943, may be fairly inferred from the recitals and prayer of the Complaint. The relief prayed for has to do with hours of employment during the years 1941, 1942

and 1943. Applicable statute of limitations, Sec. 8524, N.C.L.1929: " * * * Within three years: 1. An action upon a liability created by statute, other than a penalty or forfeiture." Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29.

The plaintiffs contend that defendant McNeil Construction Co. cannot avail itself of the Nevada statute of limitations "since said corporation is by its own showing in default in complying with the state laws pertaining to foreign corporations doing business in the State of Nevada," relying upon Sec. 1848, N.C.L. The answer to this contention is found in Nevada-Douglas Consolidated C. Co. v. Berryhill, 58 Nev. 261, 75 P.2d 992, the Nevada Supreme Court citing Taylor v. Union Pac. R. Co., 8 Cir., 123 F. 155, 156, in which case District Judge Munger stated:

"To entitle a corporation to the benefit of the statute of limitations of a state other than that of its creation, it must affirmatively appear that it maintained an agent upon whom service of process could be made within the state whose statute of limitations ran and barred the cause of action."

During the entire period of the three-year limitations involved here, defendant McNeil Construction Co. maintained a resident agent within the State of Nevada.

It is Ordered that defendant McNeil Construction Co.'s Motion to Dismiss be, and the same hereby is, granted on the grounds that the defendant is a corporation organized under the laws of the State of California and was not, at the time of the purported service of summons herein, and is not now, subject to service of process within the District of Nevada; and that defendant has not been properly served with process in this action.

It is Ordered that said defendant's Motion to Dismiss be, and the same hereby is, granted on the grounds that the action is in the wrong district because (a) the jurisdiction of this Court is invoked solely on the ground that the action arises under the laws of the United States, and (b) the defendant is a corporation incorporated under the laws of the State of California and is an inhabitant thereof.

It is Ordered that said defendant's Motion to Dismiss the First Cause of Action of plaintiffs' Complaint be, and the same hereby is, granted upon the ground that the alleged right of action set forth therein did not accrue within three years next before the commencement of this action.

It is Ordered that said defendant's Motion to Dismiss the Second Cause of Action of plaintiffs' Complaint be, and the same hereby is, granted upon the ground that the alleged right of action set forth therein did not accrue within three years next before the commencement of this action.

It is Ordered that said defendant's Motion to Dismiss the Third Cause of Action of plaintiffs' Complaint be, and the same hereby is, granted upon the ground that the alleged right of action set forth therein did not accrue within three years next before the commencement of this action.

As to defendant McNeil Construction Co.'s motions to dismiss each of the three causes of action upon the ground of failure to state a claim against defendant upon which relief can be granted, It is Ordered that the determination of said motions be deferred until the trial, in the event there is a trial, of this action.

Upon the grounds and for the reasons above stated, plaintiffs' Complaint is hereby dismissed, as to the defendant McNeil Construction Co.